Robertson agt. Schellhaas *et al.*

## SUPREME COURT.

· Louis F. Robertson agt. Edward Schellhaas *et al.*

*Preferences — When an order is necessary — When should be obtained and served — Code of Civil Procedure, sections* 791–793.

Where the right to a preference does not appear in the pleadings, the order giving the preference should be obtained *before* notice of trial, and should be served either *before or with* the notice.

Where a plaintiff first notices the cause for trial, without having obtained the preliminary order as required, he waives his right to a preference.

*Special Term, October,* 1881.

This was an action commenced ·by attachment, and brought for damages growing out of an alleged breach of warranty in the sale of certain hides at Shanghai, China.

Issue was joined on the 9th day of April, 1881, and the cause noticed for the May circuit; but no note of issue was filed until September 12, 1881, and the cause was again noticed for October. On the 8th day of October, 1881, the defendant served papers in a motion for a commission to take the deposition of certain witnesses at ·Shanghai, under section 889 of the Code of Civil Procedure.

On the same day the plaintiff served papers in a motion to give the cause a perference on the calendar for trial under Rule 36 of the supreme court, upon the ground that certain goods were held under an attachment. Both motions were made returnable October seventeenth.

*Lewis Sanders,* for plaintiff.

*Charles G. Cronin,* for defendants. First. In the regular course of the calendar this cause could not be reached in eighteen months at least, thus giving ample time for the return of the commission from Shanghai. Second. The plaintiff has not complied with the statute relating to preferences. Rule 36 is founded on subdivision 10 of sections 791 and 793 of

the Code of Civil Procedure, which provides that where the right to a preference does not appear in the pleadings, the order giving the preference should be obtained before notice of trial, and should be served either before or with the notice. The plaintiff having noticed the cause for the May and October circuits, he has waived his right to a preference. Unless the pleadings show sufficient facts to give the cause perference, the preliminary order is required (*Code of Civil Pro.*, sec. 793). Third. The provisions of the Code of Civil Procedure (*sec.* 17) authorizing a convention of the general term justices to establish rules of practice, does not empower them to make rules which are inconsistent with the provisions of the Code (*Gormerly* agt. *McGlynn*, 84 *N. Y.*, 284). Fourth. Inasmuch as the plaintiff did not avail himself of the statute in serving his order for a preference, he should be stayed until the return of the commission as the defendant's motion is made in good faith, and they cannot be charged with laches.

BARRETT, *J.*— The motion for a commission is granted, with stay until the 1st Monday of March, 1882, and the cause set down for trial on day subsequent to the expiration of stay.

---

## SUPREME COURT.

SPENCER ERVIN and others agt. THE OREGON RAILWAY AND NAVIGATION COMPANY and others.

*Foreign corporations — When and how may be sued — Non-resident plaintiffs — Code of Civil Procedure, section 1780.*

Where a suit is brought against a foreign corporation, though a general appearance by defendant before answering gives the court jurisdiction over its person, it does not necessarily give jurisdiction over the subject-matter of the action, and where some of the plaintiffs are non-residents, the complaint must be dismissed as to them, a case not being made out under section 1780 of the Code of Civil Procedure.

A resident plaintiff, however, where the complaint makes out a cause of action may maintain the suit, though the acts out of which the cause of action arises were done, and the property from the management and