## SUPREME COURT.

### ALFRED H. SMITH *et al.* agt. JOSEPH KEEPERS, Jr.

*Preference — Right to — Court has an inherent right to control its own calendar — Code of Civil Procedure, sections 791, 793 — Rule 36.*

Where, as in this case while the fact does not appear upon the pleadings, that an order of arrest has been granted, it is apparent that the action is one in which such an order can be issued as a matter of right upon a proper application to the court, even within the provisions of section 793 it may fairly be said that the right to the preference depends upon facts appearing in the pleadings, upon which the cause is to be tried and heard, and therefore that service of a notice of a trial before making the application for a preference does not deprive the defendant of the right to such preference under the rules of practice of the court.

An inherent right to control its own calendar is vested in the court independent of all other considerations (*Robertson* agt. *Schelhass*, 62 *How.*, 489, *and City National Bank of Dallas* agt. *National Park Bank*, 62 *How.*, 493, *distinguished*).

*N. Y. Chambers*, 1884.

THIS is a motion to advance a cause and place it upon the circuit calendar of preferred causes for trial under Rule 36 of the General Rules of Practice, upon the ground that the defendant is imprisoned under an order of arrest and unable to obtain bail.

The action is brought to recover damages for the wrongful conversion of personal property, and the order of arrest was granted under subdivision 2 of section 549 of the Code of Civil Procedure.

Nothing appears by the pleadings upon which a preference could be given. Prior to the service of the notice of this motion, defendant served a notice of trial for the April circuit.

*J. Newton Williams*, for motion. The defendant is in actual custody and unable to obtain bail. Rule 36 gives this case a right to a preference. Nothing in the Code conflicts with defendant's right under the rule. The object of

Smith *et al.* agt. Keepers.

the rule is to relieve imprisoned defendants from long confinement, because of the crowded condition of the general calendar.

*Charles G. Cronin,* opposed.   There is nothing in the pleadings going to show that this cause is entitled to a prefer- ence, and therefore the provisions of section 793 apply, and defendant having served a notice of trial without the order of preference, has waived his right thereto under Rule 36.   Where the right to a preference depends upon facts which do not appear upon the pleadings, a copy of the order granting a preference must be served with or before the notice of trial (*Robertson* agt. *Schelhass,* 62 *How.,* 489; *City Nat. Bank of Dallas* agt. *Nat. Park Bank,* 62 *How.,* 495).

LAWRENCE, *J*—Subdivision 2 of section 549 of the Code of Civil Procedure authorizes an order of arrest in an action brought for the conversion of personal property.   This is an action to recover damages alleged to have been sustained by the wrongful conversion of personal property.   Section 791 of the Code of Civil Procedure provides that civil actions are entitled to preference among themselves in the trial or hearing thereof in the following order next after causes specified in the last section but one.   *   *   *   Subdivision 10. " A cause entitled to preference by the general rules of practice or by the special order of the court in the particular case."   Rule 36 provides that whenever in any action an issue shall have been joined, if the defendant be imprisoned under an order of arrest in the action, or if the property of the defend- ant be held under attachment, the action shall be placed on the preferred calendar.   In this case the defendant is actually imprisoned under an order of arrest and is unable to procure bail.   A motion is made to place the cause on the preferred calendar.   It is insisted that the court is precluded from making an order of preference by the provisions of section 793 of the Code, for the *reason* that

the right to a preference depends upon facts which do not appear in the pleadings or other papers upon which the cause is to be tried or heard, and that a notice of trial was served before the notice of motion, and the cases of *Robertson* agt. *Schelhass* (62 *How. Pr. Rep.*, 489) and *City National Bank* agt. *National Park Bank* (62 *How. Pr. Rep.*, 495), are cited as authorities for this position. In each of these cases it was clear that the facts which authorized the preference did not appear upon the face of the pleadings, and a notice of trial having been served before the order was obtained, it was properly held, under section 793 of the Code, that the right to claim a preference was gone. I do not, however, understand that by section 793 I am prohibited from granting a preference in a particular case, where it is apparent that great hardship and injustice might ensue in case such preference was not allowed. The tenth subdivision of section 791 seems to recognize the power of the court to grant an order giving a preference in a particular case. In this case while the fact does not appear upon the pleadings that an order of arrest has been granted, it is apparent that the action is one in which such an order can be issued as matter of right upon a proper application to the court. I think therefore that even within the provisions of section 793, it may fairly be said that the right to the preference depends upon facts appearing in the pleadings upon which the cause is to be tried and heard, and that therefore the service of a notice of trial before making the application for a preference does not deprive the defendant of the right to such preference under the rules of practice of the court. Furthermore it is shown that the defendant has withdrawn his notice of trial, so that if the service thereof precluded him from making the motion, that obstacle has been removed, and section 793 has no application to the case. Independently, however, of all other considerations, the court has an inherent power to control its own calendar, and on that ground alone I should feel justified in granting the order which is asked for in this case.

Motion granted.