Lawrence. J.
The plaintiff moved in this case for an order placing the cause on the day calendar, on the ground that it is entitled to a preference, pursuant to subdivision 8 of section 791, of the Code of Civil Procedure, it appearing by the pleadings that it is an action against a corporation upon a promissory note for the absolute payment of money.
Having heard the motion on January 10 last, I filed a memorandum, reported in the N. Y. Daily Register of January 11, to the following effect: “ If an order if- requisite in this case, it seems to me that it should have been obtained and served with the notice of trial (see section 793, of the Code of Civil Procedure; Robertson v. Schellhaas, 62 How. Pr. 489 ; City Natl. Bank of Dallas v. Natl. Park Bank, 62 How. Pr. 495).” The plaintiff has now moved for a re-argument, and both parties have been heard thereon.
As the point involved is quite an important one as to the practice to be pursued, I have re-examined the case with considerable care, and have come to the conclusion that my first impression was erroneous. The cases which are *475 entitled to preference are specified in article 2 of title 6, chapter 8, of the Code of Civil Procedure. In the eighth subdivision of section 791, it is provided as follows : “ An action against a corporation, founded upon a note or other evidence of debt, for the absolute payment of money.” By section 793 it is provided that “ where the right to a preference depends upon facts which do not appear in the pleadings or other papers upon which the cause is to be tried or heard, the party desiring a preference must procure an order therefor fz-om the court, or a judge thereof, upon notice to the adverse party. A copy of the order must be served, with or before the notice of trial or argument. Such an order is not appealable ; but it may be vacated by the judge or judges holding the term at which the preferred cause is noticed for trial or hearing. But a preliminary order is not requisite in a case embraced within subdivision first or second of the last section but one ; and the order in a case embraced within subdivision 6 thereof, may be made ex £ arte, and is conclusive.”
In my previous memorandum, I referred to the cases of Robertson v. Schellhaas (62 How. Pr. 489), and City Natl. Bank of Dallas v. Natl. Park Bank (Ib. 495), but an examination of those cases will show that they are not controlling upon this motion, for the reason that the right to a preference in those cases was determined to be upon facts which did not appear upon the pleadings, and that, therefore, under the plain language of section 793, the order granting such preference must have been served with or before the notice of trial. In this case, under subdivision 8 of section 791, as it is clear that the action is founded upon a note for the absolute payment of money, the right to a preference does not depend upon an order served with or before notice of trial. It is an absolute right vested in the plaintiff, and the provisions of section 793, requiring an order to be served with or before the notice of trial or argument, do not apply.
The order asked for in this case is merely a direction to *476 'the clerk to put the cause upon the preferred calendar, and as there seems to bo no rule by which the clerk can determine for himself whether the cause is entitled to such a preference, I think that the order should he granted, and an order to that effect will therefore he made.