In the Matter of MILES F. McDONALD, as District Attorney of Kings County, Appellant, against LOUIS GOLDSTEIN, Individually and as County Judge of Kings County, et al., Respondents.

Second Department, May 24, 1948.

*Solomon A. Klein, Assistant District Attorney (Miles F. McDonald, District Attorney),* for appellant.

*John W. Davis (Louis A. Tepper* and *William R. Meagher* with him on the brief), for respondents.

*Whitman Knapp* for District Attorneys' Association of the State of New York, *amicus curiæ.*

CARSWELL, J. The County Court of Kings County is a court of limited jurisdiction. It had its origin in Colonial days in a statute enacted in 1691, creating its predecessor. It was originally a court of civil jurisdiction (2 Lincoln's Constitutional History of New York, p. 153) and, although referred to in the Constitution of 1821, it acquired constitutional status by

reason of a provision in the Constitution of 1846, for its continuance as a County Court. It was continued solely as a civil court until the Constitution of 1894 (*Matter of Rudd* v. *Hazard,* 266 N. Y. 302, 306), when jurisdiction in criminal matters of the then existing Court of Sessions was abolished and its jurisdiction vested in the County Court. Under section 14 of article VI of the Constitution of 1846, a separate Court of Sessions had functioned as the county criminal court, composed of the county judge and two justices of the peace. In 1925, by constitutional amendment, the jurisdiction of the County Court in civil matters was vested as of January 1, 1927, in the City Court of the City of New York, and the County Court became exclusively a court of criminal jurisdiction.

When the Court of Sessions functioned there was but a single part thereof and the District Attorney moved indictments for trial and, in effect, made up its calendar of criminal causes. When the jurisdiction of criminal causes was vested in the County Court in 1894, there were two county judges and two parts in that court. The District Attorney continued to make up separate calendars of the court by moving indictments for trial directly in one or the other of the parts. Four, and later five, county judges subsequently were authorized, with corresponding separate parts, and the District Attorney continued the same calendar practice down to and including 1947.

On December 16, 1947, the Judges of the County Court adopted a rule directing that all cases be placed by the clerk on the Part I calendar, and providing that the Judge presiding at Part I '' shall assign cases for trial or other disposition to the other parts of the Court.''

Pursuant to that rule respondent County Judge GOLDSTEIN assumed to assign a case from the Part I calendar for trial in Part II. The District Attorney thereupon commenced this proceeding to test the power of the County Court to adopt or enforce the foregoing rule. The rule, properly construed, authorized assignment to another part of the court of those cases only in which the indictments had been moved for trial. The particular case which the court assumed thus to assign had not been moved for trial by the District Attorney; hence the court was without power, if the rule be valid, to attempt so to assign it. On the argument of this appeal, in order that there might be a decision on the merits as to the validity of the rule, the District Attorney withdrew his contention that the court's action was premature and agreed that the action of the County Judge might be deemed to have occurred after the particular case had been duly moved for trial.

The District Attorney urges that he alone has the power to make up the calendar of the court and that he has the right to make up separate calendars for each part and to move a particular cause for trial in a selected part of the court. He asserts that this power, so exercised by the District Attorney for over fifty-four years, vests in him by reason of the nature of his office and his constitutional and statutory duty to prosecute and control the prosecution of crime. (*Matter of McDonald* v. *Sobel,* 272 App. Div. 455, affd. 297 N. Y. 679.)

The District Attorney is a quasi-judicial officer. He is an officer of the court, but only to the extent that all attorneys are officers of the court. He is not a part of the County Court by virtue of his office. (*Fleming* v. *Hance,* 153 Cal. 162.) He is not, therefore, endowed with any function of the County Court. One of the functions of a court is the regulation of the order of its business of adjudicating causes. The right of a court to regulate the order of its business or its calendar practice is vested in it by an express or an implied grant of power. Where, as here, there is no express grant of power to make rules to control its calendar practice, the power to do so is implied from the statutory or constitutional provision creating the court. The power is implied or results from the general grant of jurisdiction to adjudicate specified causes. (*Riglander* v. *Star Company,* 98 App. Div. 101, 104, affd. 181 N. Y. 531; *Smith* v. *Keepers,* 66 How. Prac. 474, 476; *Hunnewell* v. *Shafer,* 30 N. Y. St. Rep. 831; *Hanna* v. *Mitchell,* 202 App. Div. 504, 513, affd. 235 N. Y. 534; *Williams* v. *Tompkins, Inc.,* 209 App. Div. 546, 547; *McDonald* v. *Pless,* 238 U. S. 264, 266; *Matter of Hien,* 166 U. S. 432, 436–437; *Woodbury* v. *Andrew Jergens Co.,* 61 F. 2d 736, 737–738, certiorari denied, 289 U. S. 740.) The right of the County Court, moreover, to exercise its rule-making power was recognized by the Legislature in section 279 of the Judiciary Law.'

When the County Court was given jurisdiction of criminal causes in 1894, and acquiesced in the District Attorney making up separate calendars for its two parts, it was merely informally utilizing the District Attorney as its instrument to regulate calendar practice. This procedure did not effect a renunciation, destruction or loss by the court of its power to regulate calendar practice. This interpretation of its course of action makes inapplicable the principle of practical construction invoked by the District Attorney to sustain his assertion of power.

The conclusion is inescapable that the rule adopted by the County Court, properly construed, is valid.

The District Attorney urges with much detail, as does the *amicus curiæ*, that sustaining the validity of the rule will result in chaos, administrative inefficiency and demoralization in the enforcement of the criminal law in view of the volume of cases in certain counties. They cite the experience of the Court of General Sessions of the County of New York in connection with a corresponding shift in the manner of control of its calendar between the years 1910 and 1922. We may not consider the wisdom or unwisdom of the rule adopted by the County Court. If it is likely to be productive of the conditions that caused the Court of General Sessions, by its own rule, to revert to its former system of having a separate calendar in each part to which the District Attorney moves causes for trial, the Legislature may regulate that phase of calendar practice and restore the method prevailing prior to the adoption of the rule here attacked, under its constitutional power in respect of the County Court. (N. Y. Const., art. VI, § 11.) It is clearly within legislative competence to supervise and regulate such rules. (*People v. Glen*, 173 N. Y. 395, 399; *Matter of Murphy* v. *Supreme Court*, 294 N. Y. 440, 459; *Gormerly* v. *McGlynn*, 84 N. Y. 284; *People ex rel. The Mayor* v. *Nichols*, 79 N. Y. 582, 589.) Or the County Court may, as a consequence of a reconsideration of the subject, give more heed to the experience in the Court of General Sessions, during the period above mentioned, and to the claimed beneficent result of the calendar practice existing in the County Court between the years 1894 and 1947, by amending its rule so as, in substance, to adopt rule V of the Rules of the Court of General Sessions.

Accordingly, the order should be affirmed, without costs.

LEWIS, P. J., NOLAN, SNEED and WENZEL, JJ., concur.

Order unanimously affirmed, without costs.