THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANETHA RADEWITZ, Defendant.

Supreme Court, Trial and Special Term, Albany County, April 17, 1951.

*Daniel H. Prior* for defendant.

*John N. McLaren, District Attorney,* for plaintiff.

BOOKSTEIN, J.  A Grand Jury was duly convened for the November, 1950, term of the Supreme Court in Columbia County.  On November 30, 1950, that term of court had completed the business before it.  Normally, the term would on that day have been adjourned, sine die, and the Grand Jury empaneled for that term would, *ipso facto,* have gone out of existence.

In smaller counties, where there are few terms of Supreme Court, such a dissolution of a grand jury, often led to a situation where a person accused of crime, though presumed to be innocent, might languish in jail for a long period of time, to await action by a subsequent grand jury, not scheduled to be

convened for many months. If such subsequent grand jury should find no indictment; or if it found one and the accused were ultimately acquitted, the accused would have been incarcerated and deprived of his liberty for many months, though innocent of the crime charged.

To meet this evil, upon recommendation of the Judicial Council, the Legislature in 1950 enacted present section 251 of the Code of Criminal Procedure, effective September 1, 1950. (L. 1950, ch. 798.) Said section reads as follows:

" § 251. *Continuance of terms; discharge of the grand jury.*

" Any term of court, for which a grand jury has been impaneled and sworn, whether·it be in the supreme court or county court, shall upon the completion of the business before it, be adjourned to the day next preceding the opening of the next term of said court for which a grand jury has been designated; and the grand jury shall be recessed during such period. A grand jury so recessed may be reconvened to inquire into a crime by order of the court on application of the district attorney or of the person held to answer for the crime, provided that no other grand jury competent to hear the charge is in session in the county.

" The grand jury on the completion of the business before it shall be finally discharged on the day next preceding the opening day of the next term of said court for which a grand jury has been designated unless by order of the court, as provided in this section the grand jury shall have been reconvened and on such day has uncompleted business pending before it, in which event the grand jury shall be finally discharged upon the completion of such business."

When the Justice who presided at the November, 1950, term of Supreme Court in Columbia County on November 30, 1950, adjourned that term, he did so in full and strict compliance with section 251 of the Code of Criminal Procedure.

The next term of Supreme Court, Columbia County, convened on the first Monday in March, 1951, to wit, on March 5, 1951. The November term had been adjourned to the day next preceding the opening of that term.

In this judicial district, as in most others, the opening day of a trial term is usually on the first Monday of the month of the term. If section 251 of the Code of Criminal Procedure is construed literally, that would mean that the adjourned term would have been adjourned to a Sunday, as Sunday is usually the day next preceding the opening of a term. Clearly it was not the legislative intent that a term of Supreme Court be

adjourned to a Sunday. The statute must be construed to mean the first secular or business day preceding the opening of the next term of court, so that normally such adjournment would be to the Saturday preceding the next term. In the instant case, that meant that the adjournment was to Saturday, March 3, 1951. During such period of adjournment, the grand jury, by the terms of section 251 of the Code of Criminal Procedure, is in recess. During such recess, it can be convened only in the manner indicated by section 251 of the Code of Criminal Procedure, viz.: " to inquire into a crime by order of the court on application of the district attorney or of the person held to answer for the crime," and then only " provided that no other grand jury competent to hear the charge is in session in the county." Thus, if a County Court Grand Jury were in existence, there would be no power, even in the Supreme Court, to reconvene the recessed Supreme Court Grand Jury.

On or about December 2, 1950, the District Attorney of Columbia County, on his affidavit, applied to the Justice who presided at the November, 1950, term of Supreme Court for an order to convene the recessed November Term Grand Jury to consider a specific alleged crime, hereafter referred to as the " Training School Case," alleged to have been committed October 30, 1950. The application was made for consideration of that specific crime. An order was granted December 2, 1950, reconvening said Grand Jury on December 5, 1950. While the order reconvening the Grand Jury did not limit that body to the consideration of one matter only, the application of the District Attorney for the order was made on the basis of the one matter only. Pursuant to the order, the Grand Jury reconvened on December 5, 1950, and on that day, as well as subsequently on December 6 and 13, 1950, it considered only the " Training School Case." Having concluded its consideration of that case on December 13, 1950, and there being no further business before it, on that day the Grand Jury was adjourned, subject to the call of the District Attorney, upon motion duly made and passed by the members thereof.

The crime of which defendant is accused by the indictment herein is alleged thereby to have been committed on January 31, 1951, a month and a half after the Grand Jury had finished the business for which it had been lawfully reconvened by court order.

The Grand Jury was reconvened on February 7, 1951, on the call of the District Attorney. It sat on that day and on February 13, 1951, at which sessions, it considered the evidence

which resulted in the indictment of defendant, accusing her of the crime of murder in the second degree. The November, 1950, term of Supreme Court did not convene on its adjourned date, Saturday, March 3, 1951. The Grand Jury of that term did, however, appear at the opening of the March, 1951, term of Supreme Court, on March 5, 1951, and reported a sealed indictment, which proved to be the indictment against this defendant.

Defendant moves to dismiss the indictment on the assertion that said indictment is void on the ground that the Grand Jury which presented it was without authority and jurisdiction to do so and that its proceedings upon the charge in said indictment are null and void.

A grand jury can recess or adjourn its sessions from one date to another specific date, as often as it desires, during the continuance of the term, for which it is impaneled. It cannot adjourn without date, subject to the call of the District Attorney. The District Attorney is the legal adviser of the grand jury. He has no power to convene, reconvene or adjourn it. When the Grand Jury completed its consideration of the " Training School Case " and adjourned, subject to the call of the District Attorney, it could not be reconvened on his call. It was then in recess under the terms of the adjournment by the presiding Justice in accordance with section 251 of the Code of Criminal Procedure and could only be reconvened prior to March 3, 1951, on another order of the court, obtained at the instance of the District Attorney or of a person accused of crime. Having completed the business on December 13, 1950, for which it had been convened by court order, and not having been reconvened thereafter by court order, the Grand Jury was to be finally discharged on March 3, 1951. Court did not convene on March 3, 1951, pursuant to the adjournment of November 30, 1950. The term was not adjourned either by the Clerk, the Sheriff, or any Justice thereof, until March 5, 1951, when the November, 1950, Grand Jury reported. The November, 1950, term finally ended on March 3, 1951, and the November Grand Jury ended with it. (See Judiciary Law, §§ 6, 7.)

Under section 251 of the Code of Criminal Procedure the term did not have to end on March 3, 1951. Court could have been convened on that day and if then the Grand Jury had completed all business which came before it, pursuant to court order, it would be finally discharged. If it still had before it unfinished business, pursuant to such an order, then the Grand Jury would continue and the November term could be adjourned

to a subsequent date, to receive its final report and to discharge the Grand Jury.

I have written at some length because the learned District Attorney has asked for some judicial expression to guide him in his conduct, since not alone he, but some other District Attorneys have been perplexed by the question of how lawfully to continue the existence of a grand jury, both before and since the enactment of present section 251 of the Code of Criminal Procedure.

It appears to me that under the present law, the Justice who adjourns a term to the day preceding the next term, for which a grand jury has been designated, will have to convene the term, or have some other Justice to do so, on the adjourned date, if during the period of its recess the grand jury has been reconvened by court order; that the grand jury will have to be present and make its report, and if its business is finished, be discharged; if such business, for which it has been reconvened by court order has not been concluded, then the term is to be adjourned to a later date and the grand jury is continued until such later date to conclude its business and report on such later date. If, during the recess, the grand jury has not been reconvened by an order of the court, then the term would automatically expire and the grand jury be, *ipso facto*, discharged, without the necessity of court's being convened on the Saturday preceding the next term for which a grand jury has been designated to be impaneled.

The indictment in this case is null and void as the Grand Jury was not lawfully convened when it found it and reported it.

The motion to dismiss the indictment is therefore granted and the case is directed to be resubmitted to any Grand Jury now legally existing in Columbia County and, if none exists, then to the next regularly designated Grand Jury duly organized in said county. (Code Crim. Pro., § 317.)

Submit order.