Burke, J.
The single question framed in this appeal is whether the Grand Jury possessed the power to find and present an indictment against defendants charging them with violation of section 1141 of the Penal Law, The County Court and the Appellate Division have answered the question in the negative.
The Grand Jury in question was duly impaneled for the June, 1955 term of the County Court of Bangs County as an additional Grand Jury (see Code Crim Pro., § 226). Normally, it would have expired at the end of the month with the expiration of the term of court to which it was adjunct (Matter of McDonald v. Colden, 294 N. Y. 172, 176; Matter of Spector v. Allen, 281 N. Y. 251; People v. Jackson, 205 App, Div. 202). However, by virtue of successive orders procured by the District Attorney and ultimately by an informal order and proclamation made by the court on its own motion, the term of the court and the Grand Jury was extended to June 30, 1956. The stated purpose of these extensions was to permit the Grand Jury “ to complete the [said] investigations now pending before that body”. Concededly, during the original term of the County Court the investigations of the Grand Jury did not relate to the subject matter of the instant indictment. It is also not disputed that at the time the indictment was filed the Grand Jury existed as a duly constituted body, de jure in every sense, and that it had been functioning continuously since its inception without recess.
In this State the Grand Jury derives its power from the Constitution and acts of the Legislature (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 223, 245, 252, 253). It is not only “ sworn to inquire of crimes committed or triable in the "county ” (Code Crim. Pro., § 223) but by statute it is given the power, and the duty is enjoined upon it to “ inquire into all crimes committed or triable in the county, and to present them to the court ” (Code Crim. Pro., § 245). Traditionally, our courts have afforded the Grand Jury the widest possible latitude in the exercise of these powers and insisted that in the ■ absence of a clear constitutional or legislative expression they may not be curtailed (People v. Ryback, 3 N Y 2d 467; People ex rel. Hirschberg v. Close, 1 N Y 2d 258, 261; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391; Matter of Mullen v. Block, 176 Misc. 442; People v. Grout, 85 Misc. 570, 573). We find no occasion for varying that policy here.
*662 Whatever the rule may be in other jurisdictions it is clear that in this State the Legislature has not limited the broad grant of jurisdiction to the Grand Jury by confining it in all cases to the jurisdiction of the court for which it is impaneled. This is made manifest by sections 39 and 40 of the Code of Criminal Procedure. Pursuant to subdivision 2 of section 39 the County Court, with the exception of certain enumerated counties, has limited power to try and determine indictments. Nevertheless, under subdivision 1 of section 39, with certain specific exceptions involving youthful offenders or minor crimes where prior or primary jurisdiction is vested in other courts, all County Courts have jurisdiction to “ inquire by the intervention of a grand jury of all crimes committed or triable in the county ”. That this is not a strained interpretation and that the Legislature intended a Grand Jury impaneled for a County Court of limited jurisdiction to have power to find indictments for crimes not triable by such court is confirmed by section 40, which provides that “A county court must send every indictment there found for a crime not triable therein to the supreme court to try and determine the same.” Thus it is clear that the plenary power of a regular Grand Jury is original and complete and not dependent upon the jurisdiction of the court for which it is impaneled, the only exception to such jurisdiction being by clear statutory pronouncement. While the Grand Jury may be considered an arm or adjunct of the court for purposes of supervision (see Matter of Spector v. Allen, 281 N. Y. 251, supra; People v. Besser, 207 Misc. 692, 695), insofar as its jurisdiction is concerned, it is an independent body.
The authorities urged upon us as contradicting this view are not persuasive. Neither People ex rel. Unger v. Kennedy (207 N. Y. 533) nor People v. Ruttles (172 Misc. 306, 307) hold that the jurisdiction of a Grand Jury is limited by that of the court to which it is adjunct. They indicate no more than the fact that the jurisdiction of the Grand Jury is at least as extensive as that of the court. The treatment in the Sixteenth Annual Report of the Judicial Council (1950, p. 247) which takes a different view as to the power of a Grand Jury fails to take into account sections 39 and 40 of the Code of Criminal Procedure referred to above.
As a Grand Jury’s plenary power is derived from the Constitution and the statutes and is in nowise dependent upon the *663 jurisdiction of the court for which it convened, it follows that it could not be curtailed by a court order unless such order is made pursuant to a clearly drawn statute explicitly limiting it (see People v. Ryback, 3 N Y 2d 467, supra). No such clear legislative pronouncement is present here.
Section 244 of the code is not applicable. That section was designed to assure expeditious trials to persons apprehended for violations of law in counties where only two terms of the County Court are mandated annually at which Grand Juries are convened (Judiciary Law, § 190, subd. 2). Under the predecessor section the Grand Jury was automatically discharged at the end of the court term. Thus an individual apprehended by the police during the interim between the discharge of the first annual Grand Jury term and the commencement of the second Grand Jury term, which was several months, if not able to afford bail, could be compelled to languish in jail for that period of time to await action by the subsequent Grand Jury. If the subsequent Grand Jury voted no bill or the accused was eventually acquitted by a petit jury he would have been deprived of several months’ liberty though innocent in the eyes of the law. In any event he was unnecessarily denied his right to a speedy trial. The new section avoided that by preventing the discharge of the Grand Jury at the end of the court term by requiring that the court, ‘ ‘ upon the completion of the business before it, be adjourned to the opening of the next term of said court for which a grand jury has been designated ’ ’ so that it could be reconvened upon order during the interim to inquire into crimes during that period. (See People v. Radewitz, 199 Misc. 1058, 1059-1060; Sixteenth Annual Report of N. Y. Judicial Council, 1950, pp. 245-251.) As the Grand Jury in this case was extended by successive court orders and never adjourned or recessed, this new section has no applicability here.
It was, therefore, within the power of this extended Grand Jury to return the indictment in question. This power, of constitutional and statutory origins, was unaffected by the jurisdiction of the court to which the Grand Jury was impaneled, court orders issued by that court, or section 244 of the Code of Criminal Procedure.
It follows that the extended term of the County Court with which the jury sat was competent to receive the indictment. (Cf. Matter of Reynolds v. Cropsey, 241 N. Y. 389, 395, 399, *664 400.) Any purported restriction upon the exercise of power by that part of the court, contained in the extension orders or court rules, was considered in tandem with a concomitant restriction upon the Grand Jury. That intent was not divisible. It seems unlikely that, if aware of the inability to restrict the jurisdiction of the Grand Jury, the court would have nonetheless intended to limit the authority of the part to which the jury was impaneled thus creating a situation where the Grand Jury could find an indictment but be unable to present it to the accompanying part of the court. There is a legitimate area of supervision over the Grand Jury compatible with that body’s broad jurisdiction, within which the court may make rules concerning the regulation of terms of court to which Grand Juries are attached and assignment of judges (cf. Matter of McDonald v. Goldstein, 191 Misc. 863, affd. 273 App. Div. 649; see People v. Besser, 207 Misc. 692, 695, supra). However, we do not read the instant extension orders and court rules to accomplish the result suggested here.
The order of the Appellate Division should be reversed and the motion granted.