THE PEOPLE OF THE STATE OF NEW YORK ex rel. POWOTT COR-PORATION, Respondent, *v.* WILLIAM H. WOODWORTH, as Assessor of the City of Rochester, and Others, Appellants.*

Fourth Department, June 28, 1940.

* Revg. 172 Misc. 791.

*William H. Emerson, Corporation Counsel* [*Andrew L. Gilman* of counsel], for the appellants.

*Abbott, Rippey & Hutchens* [*Joseph S. Rippey* of counsel], for the respondent.

CUNNINGHAM, J. The petitioner seeks to have reduced or declared void the 1939 assessment upon its real property in the city of Rochester and a writ of certiorari to review such assessment has been granted. The appellants moved to dismiss the writ upon the ground that the petitioner had not appealed to the board of assessment review of the city of Rochester which had power to grant the relief sought.

The petition for a writ of certiorari to review an assessment upon real property must show "that the application has been made in due time to the proper officers to correct such assessment." (Tax Law, § 290.)

A writ of certiorari to review an assessment will not issue until the petitioner has applied for relief to all officials and boards authorized to grant such relief. (*People ex rel. Uvalde A. P. Co.* v. *Seaman*, 217 N. Y. 70, 76.)

The petitioner claims that the provisions of the charter of the city of Rochester creating a board of assessment review are unconstitutional. It bases this contention upon the ground that the

assessor has until October first to decide cases in which complaints and objections to assessments have been made, and that an appeal from such decisions to the board of assessment review must be taken not later than September twelfth. If such construction of the charter provisions be necessary, then the taxpayers whose cases are decided after September twelfth will not have the right to appeal to the board which is granted to those whose cases are decided on or before September twelfth. The petitioner asserts that, therefore, the law creating the board of assessment review does not apply equally to all taxpayers and is unconstitutional.

The charter of the city of Rochester was enacted by the Legislature (Laws of 1907, chap. 755). This law was amended and supplemented by a local law adopted by the common council of the city of Rochester and approved by the people at the general election in November, 1925 (Rochester Local Laws of 1925, Local Law No. 4). The original charter contained a provision for the preparation of the annual tax rolls (section 188). This section was thereafter amended by Local Law No. 9 of 1933 and, as amended, required the assessors to meet at a time and place designated in a notice given by publication, and on that day and for ten consecutive days thereafter they were directed to hear allegations and objections. This amended section also permitted the assessors to add to the tax rolls any real or personal property omitted from the tax rolls of the previous year and directed the assessors to " hear " allegations and objections, but did not direct them to " hear and consider " such allegations and objections, which is the language of section 180 of the charter, as amended in 1938.

On May 27, 1938, three local laws became effective, Local Law No. 11, providing that there should be one assessor instead of a board of assessors; Local Law No. 13, amending section 180 with reference to the preparation of annual tax rolls, and Local Law No. 14, creating the board of assessment review.

Section 180 of the charter was amended to read as follows: " The annual tax rolls as provided by section one hundred and eighty-eight of chapter seven hundred and fifty-five of the laws of nineteen hundred seven shall be prepared on or before the first day of August in each year, and the items other than the assessments of real and personal property which are by such section required to be inserted in the annual tax rolls shall be inserted on or before the first day of October in each year. On the third Tuesday in August and for ten days thereafter in each year, the assessor or either of his deputies shall hear and consider allegations and objections of all persons interested in the assessments contained in the annual tax rolls. All complaints in regard to assessments shall be submitted in writing.

At least ten days' prior notice of the hearing shall be given by publication in all of the daily papers of the city. The assessment rolls shall, on or before the first day of October in each year, be delivered to the city clerk where they shall remain for public inspection until they are confirmed. On the fourth Tuesday of October in each year the city clerk shall deliver such rolls to the council. The council shall meet on the fourth Tuesday of October in each year, and on that day, or within five days therefrom, after making such amendments and corrections to the annual tax rolls reported to it, and the taxes, assessments, charges, expenses and other items therein set forth as they deem proper, confirm such annual tax rolls. The city clerk shall give notice by publication in the official papers of such meeting and the purpose thereof. A copy of the tax rolls shall be delivered to the city treasurer immediately after confirmation by the council."

Section 183* of the charter reads as follows: " The mayor, the comptroller, the corporation counsel, and two citizens having a knowledge of property values chosen by the council, shall constitute a board of assessment review to consider and determine appeals from decisions of the assessor with respect to the tax rolls. The mayor shall be chairman and the assessor shall be secretary of the board. A majority of the board shall constitute a quorum. Appeals may be filed with the secretary at any time between the third Tuesday in August and the twelfth day of September following, and he shall forthwith present them to the board. The board shall meet not later than the first day of September and shall continue to meet until all appeals have been considered and decided. Notice of the meetings of the board shall be posted conspicuously in the office of the department of assessment and three days' notice of time and place of hearing shall be mailed to each person filing an appeal. No appeal to the board of assessment review shall be considered unless application for relief shall have been previously presented to the assessor. The board of assessment review after hearing complaints shall have power to amend the tax rolls in respect thereto. The secretary of the board shall keep a record of its proceedings, which shall be open to public inspection. Before the tax rolls are submitted to the council for confirmation, the chairman of the board shall attach a certificate to the effect that all amendments made thereto by the board have been duly entered thereon. Compensation for the citizen members of the board shall be fixed by the council."

The result to be reached in this case depends upon the question whether the charter limits the decision of the assessor upon com-

---

* See Rochester Local Laws of 1938, Local Law No. 14.—[Rep.

plaints to ten days after the third Tuesday of August or whether he has until the first day of October to pass upon such complaints.

If two constructions of the charter be possible then the one which makes the law constitutional must be followed. (*Matter of McAneny* v. *Board of Estimate, etc.,* 232 N. Y. 377, 389; *Schieffelin* v. *Goldsmith,* 253 id. 249.) In the latter case it was stated that if one sentence or provision of the statute is void and if the deletion of such sentence or provision will not prevent the operation of the remainder of the act, then such sentence may be stricken out without affecting the validity of the other provisions of the law (p. 251).

Effect must be given to all the language of the statute, if possible. (*Matter of Social I. E. Assn.* v. *Taylor,* 268 N. Y. 233, 237.)

One section of an act may not be read alone; it must be considered in connection with every other section. All must be given effect. Each must be qualified and limited by the others so that all may operate in harmony. (*Matter of Kaplan* v. *Peyser,* 273 N. Y. 147, 149, 150.)

These local laws of 1938, having been adopted at the same time, must be read together and must be given effect over previous enactments. (*Gwynne* v. *Board of Education,* 259 N. Y. 191, 197.)

It seems to us that it was the intention of the local legislative body that the assessor should hear allegations and objections from day to day for a period of ten days and decide them on the day he heard them and that his power to decide cases in which complaints had been made ceased at the end of the tenth day. The language of section 183 lends support to this construction. It is provided therein that appeals from *decisions* of the assessor may be taken to the board of assessment review at any time between the third Tuesday of August and the twelfth day of September following.

Unless the assessor made decisions on the third Tuesday of August in cases heard by him on that day there would be nothing from which an appeal to the board of assessment review could be taken on the day following. Then the authorization to appeal on the day after the third Tuesday would be ineffective.

There is nothing in any provision of the charter that says the assessor may consider or determine complaints or objections until the first day of October. But petitioner claims that we should infer from the language of the charter that such is the meaning thereof.

We are asked to add to the law a clause which the legislative body did not include therein and then to declare that such addition makes the law unconstitutional. The phraseology of the law does not require or justify such interpretation.

There is in section 188 of the charter (Local Law No. 9 of 1933) a provision that the assessors may add real or personal property

to the tax rolls or increase the value of real or personal property at any time before the verification of the rolls, upon giving the owner of the property an opportunity to be heard, upon three days' personal notice. If such provision shall be considered as still in force, notwithstanding the re-enactment of section 180 (Local Law No. 13 of 1938), it affects only a small class of property owners and if unconstitutional could be stricken out without preventing the efficient operation of the remainder of the act.

It is possible by the construction adopted herein to harmonize the different provisions of the charter and to give effect to all of the words thereof. An act would have to contain unusual provisions to permit a court to strike from the law a provision creating a board and granting to it specific powers. To do so in this case the court would have to perform a legislative function and in effect repeal Local Law No. 14 of the Rochester Local Laws of 1938.

The construction which makes the law constitutional will be adopted unless there are compelling reasons to the contrary, and there are not such reasons in the case at bar.

The petitioner in a written stipulation has waived all questions herein except that relating to the validity of the law creating the board of assessment review.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the writ of certiorari granted, with ten dollars costs.

All concur, except TAYLOR, J., who dissents and votes for affirmance on the opinion of VAN VOORHIS, J., at Special Term (reported in 172 Misc. 791). Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.