Mario Pittohi, J.
This proceeding, in the nature of a writ of prohibition, has been brought pursuant to article 78 of the Civil Practice Act and is to restrain certain public officials from any further prosecution of the defendant under an information charging a violation of subdivision 4 of section 1897 of the Penal Law.
The defendant was arrested upon an information, sworn to by a complaining witness on July 14, 1960. It charged the defendant with a violation of subdivision 5-a of section 1897 of the Penal Law—a felony. Thereafter, upon the defendant’s demurrer, Hon. Abraham Schlissel, City Judge of Long Beach, *1088 dismissed the information on the ground that a necessary felony allegation, ‘ ‘ have * * * concealed upon his person ”, was absent from the information; and the defendant was discharged. However, on July 22, 1960, a new information was sworn to against the defendant; but this one merely charged a willful and wrongful possession of a loaded revolver in violation of subdivision 4 of section 1897 of the Penal Law—a misdemeanor. The defendant now brings this proceeding to restrain the Judges of the City Court of the City of Long Beach and the District Attorney of Nassau County frorii any further proceedings upon the information of July 22,1960, which charges a violation of subdivision 4 of section 1897 of the Penal Law.
The defendant contends: (1) that the dismissal of the original information charging a violation of subdivision 5-a of section 1897 upon a demurrer, was an acquittal, a final determination, and a bar to any further prosecution for the same offense pursuant to section 673 of the Code of Criminal Procedure; (2) that any further prosecution would be a violation of the double jeopardy statutes of the State of New York; and (3) that any further prosecution would violate various other statutory protections and rights of the defendant.
The District Attorney counters with the contention that the use of an article 78 proceeding in this case is barred by section 1285 of the Civil Practice Act, which states that ‘ ‘ the procedure under this article shall not be available to review a determination * * * 2. Where it was made in a criminal matter”. However, 6 6 The expression ‘ to review a determination ’ refers to * * * the review of any act or refusal to act” (Civ. Prac. Act, § 1284, subd. 2). In this case, however, the request is to “restrain a body or officer exercising judicial or quasi-judicial function from proceeding ” (see Civ. Prac. Act, § 1284, subd. 4). Therefore, the section offered by the District Attorney; i.e., subdivision 2 of section 1285, only applies to the review of an act or failure to act, and not to prohibit a body or officer from acting; it is not pertinent to this present proceeding.
Howevér, it is clear that “Prohibition should not issue except in cases of extraordinary circumstances or extreme necessity, and when there-is no other adequate remedy” (Matter of Duchin v. Peterson, 12 A D 2d 622, 623 [2d Dept.]); and *6 Prohibition is not available to a petitioner whose rights can be adequately protected on appeal. * * * Absent unusual circumstances, * * * prohibition may not be granted merely because the jurisdictional question may not otherwise be reviewed until after a conviction.” (Matter of Kenler v. Murtagh, 12 A D 2d 662, 663 [2d Dept.].) In this case no extraordi *1089 nary circumstance or extreme necessity has been shown. For one thing, the defendant has the right of appeal (Code Crim. Pro., § 515); and it is not a sufficient showing of extreme necessity that he may have to wait until after possible conviction (Matter of Kenler v. Murtagh, 12 A D 2d 662, 663, supra).
The defendant’s contention that the dismissal of the first (or Penal Law, § 1897, subd. 5-a) information, pursuant to his demurrer, constituted an acquittal, a final determination, and a bar to any further prosecution pursuant to section 673 of the Code of Criminal Procedure, is without legal merit. For one thing, there was no trial, and the defendant was never found or declared innocent; i.e., was never acquitted. He was never acquitted on the merits (Code Crim. Pro., § 341), and the dismissal of the first information was not a judgment of acquittal (Code Crim. Pro., §§ 340, 341; People ex rel. Weiner v. Warden, 237 App. Div. 28, 31 [2d Dept.], appeal dismissed 261 N. Y. 620). Furthermore, section 673 of the Code of Criminal Procedure only bars another prosecution if the offense is a misdemeanor. That bar could apply only if both informations herein were for the same misdemeanor crime. But they are not; the essentials of misdemeanor (Penal Law, § 1897, subd. 4) differ from the essentials of felony (Penal Law, § 1897, subd. 5-a). Therefore, the dismissal of the felony information in this case was not an acquittal, and was not a bar to prosecution under the subsequent misdemeanor information.
Another contention by the defendant, that prosecution pursuant to the later or misdemeanor information would violate sections 32 and 1938 of the Penal Law is also without legal merit. It has already been shown above that the defendant was never found or declared innocent, i.e., was never acquitted (Code Crim. Pro., §§ 340, 341; People ex rel. Weiner v. Warden, 237 App. Div. 28, 31 [2d Dept.]); and sections 32 and 1938 apply to bar a subsequent prosecution for a crime only after a conviction or acquittal for that crime. Here not even the same crimes are involved; only the same act. Therefore, the defendant is not confronted with double jeopardy in violation of sections 32 and 1938 of the Penal Law.
The other contentions made by the defendant do not have sufficient legal merit to require discussion. However, this opinion cannot end, without commendation to the defendant’s attorney for his exhaustive and helpful briefs. The petition is dismissed, and the temporary stay in the order to show cause dated February 21, 1961 is vacated.