Liston F. Coon, J.
The District Attorney has moved, by order to show cause, for the dismissal of Schuyler County Indict *394 ment No. 1964-28 charging defendant with assault in the third degree, and to represent the case to the Grand Jury. Defendant, through counsel, resists the motion. The court is confronted with an anomalous situation where the People seek to dismiss an indictment and the defendant opposes the' move.
The issue presented to the court is whether or not a District Attorney, having once initiated a prosecution and it having reached the indictment stage, may terminate the same on his own motion over the objection of the defendant. The defendant contends that there is no statutory authority for such a motion and that he (the defendant) is the only person who may make such a motion pursuant to section 313 of the Code of Criminal Procedure.
A District Attorney is a quasi-judicial officer with wide latitude in the discretionary exercise of his duty. (Matter of Johnson v. Boldman, 24 Misc 2d 592.) It is his prerogative to chart the course of a prosecution. (People v. Elfe, 34 Misc 2d 206.) Interference with the performance of such duty should be sanctioned only under the most unusual and compelling circumstances. (Matter of Macpherson v. People, 208 Misc. 423.)
Furthermore, the court finds that there is statutory authority for this motion. The enactment of the Code of Criminal Procedure in 1881 abolished the use óf nolle prosequi (§ 672), but substituted in its place under section 671 a procedure for dismissal available to either the prosecution or the court. (People v. Willis, 23 Misc. 568.) As stated in People v. Thomas (32 Misc. 170,174-175): “ Section 671 of the Code of Criminal Procedure puts beyond question the power of the court to dismiss an indictment for reasons other than those specified in section 313. The latter section applies only to motions made by the defendant, but the former is applicable to every case.”
That portion of the relief requested by the District Attorney to represent the case to the Grand Jury, must be construed separately. Section 672 of the code provides that a District Attorney may not discontinue or abandon a prosecution for a crime except as provided in section 671. Section 673 of the code provides that an order of dismissal is a bar to another prosecution for a misdemeanor offense.
The motion herein must therefore be regarded as having been made pursuant to section 671. That being the case, it follows that the same offense, being a misdemeanor, may not be presented to the Grand Jury again. (People v. Willis, supra.)
Motion to dismiss the indictment for third degree assault is granted: leave to resubmit is denied.