Daniel E. Macken, J.
By this proceeding petitioners seek to review the assessment upon real property in the City of Rochester for the fiscal year 1965-1966. Respondent moves to dismiss the petition on the ground that, before commencing this proceeding, petitioners failed to appeal to the Board of Assessment Review of the City of Rochester (hereafter “Board”) from *210 the determination of the Bureau of Assessment denying their application for a reduction of the assessment. The petition alleges the due filing of a complaint with the Bureau of Assessment and the refusal of the latter to grant relief but does not allege, in the language of section 706 of the Real Property Tax Law, <£ that a complaint was made in due time to the proper officers to correct such assessment ”.
Section 281 of the Charter of the City of Rochester, creating a Board of Assessment Review, provides that “any person who has previously applied to the assessor for relief as to the assessment on any particular parcel of land and such relief applied for has not been granted by the assessor, may appeal to the board of assessment review from the assessment on any such particular parcel of land by filing notice of such appeal with the secretary of said board. * * * Such appeal shall be in such form and shall contain such information as may be prescribed by such -board * * *. Notice of the meetings of the board shall be posted conspicuously in the office of the bureau of assessment and three days’ notice of the time and place of hearing shall be mailed to each person filing an appeal. The board of assessment review after hearing complaints shall have power to amend the annual assessment rolls in respect thereto.”
Forms for notice of such appeal are provided and petitioners concede that no written notice of appeal was filed. On previous occasions petitioners’ attorneys had filed notices of appeal on such forms on behalf of other property holders, some of whom are petitioners in the several similar proceedings before me at the present time and it is not contended that petitioners were unaware of the existence and use of such forms.*
In an affidavit petitioners’ attorney says that in the latter part of January, 1965, and within the period provided for appealing to the Board, he telephoned the Assessor “ and requested a hearing before the Board of Assessment Review regarding the assessments on the properties described in said applications; that shortly thereafter, the Assessor advised your deponent that a hearing had been scheduled for February 17, 1965 ”. He says that because he was about to be out of town until February 22, he asked the Assessor to adjourn the hearing until after his return and the request was denied. The Assessor by affidavit says that he has no recollection or note of such conversations and the Secretary of the Board of Assessment Review states that no such application was received by the Board. The *211 minutes of the meetings of the Board contain no entries concerning this or any of the other properties involved in the proceedings before me at this time. Petitioners’ attorney is of high repute and I shall assume for the purposes of this decision that the alleged telephone conversations between him and the Assessor were had. I must conclude, however, that such conversations did not meet the Charter requirement that a notice of appeal in the form prescribed by the Board be filed with its secretary. While it may well be that upon application to it, the Board, as such, had power to waive the formal requirements of notice and consider the appeals (see reference to 126-130 Main Street East on page 7 of the minutes of meeting of the Board held March 23, 1962 attached to affidavit of Reuben Goldman dated November 18, 1965), I do not believe the Assessor individually was so empowered. I conclude that the petitioners did not appeal to the Board of Assessment Review.
Petitioners seem to contend that an appeal to the Board would have been futile and was therefore not required. Assuming that an appeal to the Board was otherwise required, in my judgment the affidavits contain no facts dispensing petitioners from so appealing.
Petitioners urge, however, that a Charter requirement of appeal to the Board of Assessment Review as a prerequisite to judicial review is an illegal limitation of the jurisdictional requirements for such review contained in article 7 of the Real Property Tax Law.
In considering a provision of the Rochester City Charter, substantially the same as the present section 281, the Appellate Division of this Department in 1940 dismissed a proceeding to review an assessment because of petitioner’s failure to appeal to the Board of Assessment Review (People ex rel. Powott Corp. v. Woodworth, 260 App. Div. 168). Aside from certain procedural changes, I am unable to find any substantial difference between the provisions of the Real Property Tax Law pertaining to judicial review and the predecessor provisions of the Tax Law in effect at the time of the assessment considered in the Powott case. The purpose of the Real Property Tax Law as stated by the Advisory Committee to the State Board of Equalization and Assessment was “ ‘ to rearrange, simplify and restate the general laws relating to the assessment and taxation of real property without substantive change, except for the modernization of minor procedural provisions and except as set forth in the notes following the sections affected’”. (McKinney’s Cons. Laws of N. Y., Book 49A, p. III.)
*212 The applicable provisions of the City Home Rule Law under which the local law providing for section 281 of the Charter was enacted, are identical with those in effect at the time of the Powott decision. The Municipal Home Rule Law, if changing them at all, would seem to broaden the powers of cities to enact local laws concerning assessments of real property (cf. City Home Rule Law, § 11; Municipal Home Rule Law, § 10, subd. 1, par. [ii], cl. c, subcl. [2]).
It is noted that section 512 of the Real Property Tax Law, entitled “Hearing of complaints”, refers to a “ board of review”, thus differing from former section 27 of the Tax Law. By section 102 of the Real Property Tax Law, “ ‘ Board of review ’ means the assessors, except that if another officer or body of officers is empowered to hear and determine complaint in relation to assessments it shall mean such other officer or body of officers ”. It is apparent that the “ Board of Assessment Review” provided for by section 281 of the Charter, is not a “board of review” contemplated by section 512 of the Real Property Tax Law. While the Real Property Tax Law makes no express provision for a body such as the Board of Assessment Review of the City of Rochester, neither does it forbid it. Its existence is in no way inconsistent with the provisions of the Real Property Tax Law. It simply affords the property owner another avenue for relief before resorting to the courts.
In support of its position the respondent refers to section 285 of the charter providing as follows: “ Every local assessment is final and conclusive unless reviewed as provided in this act, and may not be vacated or reduced or set aside * * * unless proceedings to vacate or reduce such assessment are taken as provided in this act.” Traditionally local assessments are “ those charges and impositions which are laid directly upon the property in a circumscribed locality, to effect some work of local convenience, which in its results is of peculiar advantage and importance to the property especially assessed for the expense of it ”. (Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506, 510; McQuillin, Municipal Corporations [3d Ed.], § 38.01.) A reading of the Charter provisions immediately preceding section 285 leads to the conclusion that section 285 has reference only to a local assessment as above defined, although it may be pointed out that in Matter of 749 Broadway Realty Corp. v. Boyland (1 A D 2d 819, affd. 3 N Y 2d 737), the courts sustained the validity of a local law to the extent that it established procedural prerequisites to review of a general assessment by its own tax officers, on the basis of pro *213 visions of section 11 of the City Home Rule Law granting local Legislatures power to adopt local laws relating to the 1 ‘ preparation, making, confirmation and correction of local assessments for taxation purposes, the review of such local assessments subject to further review by the courts ”. It may be noted that the comparable provision of the Municipal Home Rule Law (§ 10, subd. 1, par. [ii], cl. c, subcl. [2]) omits the word “ local ”. Regardless, however, of the applicability of section 285 of the Charter, which in its identical form was before the court in People ex rel. Powott Corp. v. Woodworth (supra), the court there held (p. 169) “A writ of certiorari to review an assessment will not issue until the petitioner has applied for relief to all officials and boards authorized to grant such relief. (People ex rel. Uvalde A. P. Co. v. Seaman, 217 N. Y. 70, 76.) ”
I am unable to distinguish the facts and applicable Charter and statutory provisions here present from those obtaining in Powott and the motion to dismiss the petition is granted, without costs.

 It has been stipulated that all affidavits submitted in this entitled proceeding are deemed to be incorporated in each of the other such proceedings now before me.