Howard A. Zeller, J.
By this article 78 CPLR type of proceeding, petitioner seeks an order prohibiting respondent from trying petitioner on a charge of speeding. The material facts are not in dispute.
Petitioner was personally served with a uniform traffic ticket charging her with speeding 45 miles an hour in a 30-mile-an-hour speed zone in the Village of McGraw on September 9, 1966 at *1064 10:00 p.m. The ticket was served by an officer of the Cortland County Sheriff’s Department and it notified petitioner to appear on September 10 at 2:00 p.m. before respondent, the Police Justice of the Village of McGraw. Petitioner did appear without counsel, was arraigned, pleaded not guilty and was granted an adjournment to September 17.
Petitioner with her attorney appeared on the adjourned date ready for trial. Neither complainant nor anyone else appeared to prosecute. The District Attorney now claims the adjourned date was only for the purpose of fixing a trial date. However, upon petitioner’s motion, respondent did dismiss the charge for failure to prosecute it. No appeal was taken from the dismissal order.
Ten days later, on September 27, 1966, the same officer personally served on petitioner another uniform traffic ticket charging her with the identical offense, i.e., speeding 45 miles an hour in a 30-mile-an-hour zone in the Village of McGraw on September 9,1966 at 10:00 p.m. On the return date of October 5,1966, petitioner and her counsel appeared before respondent and requested a dismissal of the charge on the ground that the same charge had been previously dismissed by him for failure to prosecute. Respondent denied the motion and fixed a date for trial.
Deciding the motion to dismiss for failure to prosecute required an exercise of respondent’s discretion. A denial of the motion might have been within the bounds of a proper exercise of his discretion. (See People v. Stromberg, 17 N Y 2d 892.) Granting the motion may be considered a proper exercise of respondent’s discretion. (See People v. Wooster, 17 N Y 2d 893 ; People v. Wagner, 15 N Y 2d 799.) Now the officer who made the charge and respondent wish to circumvent respondent’s own dismissal order.
Section 155 of the Vehicle and Traffic Law, insofar as here pertinent provides that all provisions of law relating to misdemeanors shall apply to traffic infractions except the right to a jury trial. Section 673 of the Code of Criminal Procedure declares an order dismissing an action for want of proscution is a bar to another prosecution for the same offense, if it be a misdemeanor but (with one exception) is not a bar if the offense charged be a felony.
The District Attorney contends that section 673 of the Code of Criminal Procedure, only applies to indictable misdemeanors. Even if this be so, the section applies to traffic offenses as section 155 of the Vehicle and Traffic Law, provides that all provisions of law relating to misdemeanors (with certain exceptions imma *1065 terial here) shall apply to traffic infractions. Section 673 clearly relates to misdemeanors.
In any event section 673 of the Code of Criminal Procedure, expresses the intent of the Legislature that a person shall not be vexed a second time for a charge not of a serious criminal nature which has been dismissed for lack of prosecution.
To sanction the method here attempted to bring petitioner to trial on a traffic charge previously dismissed for lack of prosecution would violate standards of justice and fairness.
The District Attorney contends that there is another remedy available to petitioner — appeal in the event of conviction resulting from the second traffic ticket. However, an article 78 CPLE type of proceeding is a proper remedy to prohibit a prosecution when the case clearly warrants it. (Matter of Martinis v. Supreme Ct., 20 A D 2d 79, 86, revd. on other grounds, 15 N Y 2d 240.)
The facts in this case warrant granting the relief petitioner seeks.