Henry J. Kalinowski, J.
This is an application by the defendant for an order dismissing the complaint on the grounds that the matter had previously been dismissed by this court for failure to prosecute thus barring any further charge.
Defendant was arrested for an alleged offense, which occurred on the 6th day of September, 1969, for a violation of subdivision 1 of section 120.00 of the Penal Law, assault in the third degree. On February 8, 1970, when a prosecutor’s witness failed to appear the defendant moved to dismiss for failure to prosecute. This motion was granted and the matter dismissed by the Honorable Bernard Tomson. Apparently, aware that section 673 of the Lode of Criminal Procedure bars another prosecution for the same offense if it be a misdemeanor, the District Attorney filed a new information charging a violation of subdivisions 1 and 5 of section 240.25 of the Penal Law (Harassment) which is a violation. The new information charged the same acts and reiterated the same facts in every detail except that it changed the section number of the Penal Law alleged to have been violated.
This court on this application does not consider the merits of the dismissal for failure to prosecute. Deciding a motion to dismiss for failure to prosecute is an exercise of the court’s discretion. Granting such a motion is considered a proper exercise of the court’s discretion. (See People v. Wagner, 15 N Y 2d 799; People v. Wooster, 17 N Y 2d 893.) Denial of such a motion is also a proper exercise of discretion (see People v. Stromberg, 17 N Y 2d 892).
*880 Section 673 of the Code of .Criminal Procedure reads as follows: “§ 673. Dismissal, a bar, in misdemeanor; but not in felony. An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor; but, except as provided in section six hundred sixty-nine-a hereof, it is not a bar, if the offense charged be a felony.”
The issue to be decided on this application is whether or not the new charge being a violation instead of a misdemeanor. effectively circumvents the operation of section 673 of the Code of Criminal Procedure. There appears to be no case directly in point. However, this court is of the opinion that section 673 of the Code of ‘Criminal Procedure evidences an intent on the part of the Legislature of the State of New York that a person should not be subject to a second charge, which is not of a serious criminal nature, if the same charge had been previously dismissed for a lack of prosecution. To hold that a defendant charged with a misdemeanor, which has been previously dismissed for lack of jurisdiction, cannot be reprosecuted for the misdemeanor but rule that a defendant who had a misdemeanor charge dismissed for failure to prosecute can be reprosecuted ad infinitum on lesser included violations would certainly thwart the intent of the Legislature and violate basic fairness. The better reasoning was adopted by the Supreme 'Court, Special Term, Cortland'County, in Flahavan v. Allen (51 Misc 2d 1063). There the court held that section 673 applied the prosecution for a traffic infraction which had previously been dismissed for a failure to prosecute. The court is aware that section 673 does not apply if one of the charges constitutes a felony and this decision is not inconsistent with that principle.
Accordingly, the information charging the defendant, Gary Miller, with a violation of subdivisions 1 and 5 of section 240.25 is hereby dismissed.