J. Robert Johhsoh, J.
Since the above named are codefendants, and the charges against both arise out of the same circumstances and the proceedings in each case were identical, these cases will be considered as one, the conclusion hereinafter reached applying to both defendants.
In the evening of May 22, 1970, these defendants were arrested by Officer Hughes of the New York State Police in the *302 Town of Cobleskill, Schoharie County, on a charge of criminal possession of a dangerous drug. They were taken before a Town Justice of the Town of Cobleskill where informations were laid, charging them with the crime of criminal possession of a dangerous drug, sixth degree, in violation of section 220.05 of the Penal Law. The crime in each case was alleged to have been committed at “ Fire Tower Road” at about 10:15 p.m. After two or more adjournments the Justice, in each case, made an order dismissing the complaint for failure to prosecute. This dismissal is not questioned.
On November 6, 1970, a Grand Jury of Schoharie County, found identical short-form indictments against the defendants, charging violation of the same statute. The District Attorney has furnished written bills of particulars alleging the crime to have been committed in the Town of Cobleskill on or about May 22, 1970 at about 9:40 in the evening. No further particulars have been -stated, except that the District Attorney orally made a statement in open court and on the record that the crime was alleged to have been committed on ‘1 Greenbush ’ ’ Road as distinguished from 1‘ Fire Tower ’ ’ Road. While not permitting inspection by either defendant of the Grand Jury minutes, the court has of necessity had recourse to the minutes for the purposes of these motions.
The testimony of the arresting officer is to the effect that Avhile patrolling the “ Greenbush ” Road he observed a car by the road in which were these defendants and another person. That after making certain observations he summoned another officer, and the defendants after certain preliminaries were placed under arrest, and eventually taken before the Town Justice. There is no mention in Trooper Hughes’ testimony of any other road, or of any other observation of the defendants.
There is a certain understandable vagueness as to time. Trooper Hughes fixes the time of his first observation of the defendants as “ approximately 9:30, 10:00 o’clock ”. His information before the Magistrate says ‘ ‘ about 10:15 ’ ’. The bills of particulars on the indictments say “ about 9:40 p.m.”. These -slight discrepancies are not such as to cast doubt on anyone’s veracity. In any event, it appears that the officer did not observe the defendants at any time prior to the encounter at the stopped car. That the defendants were there placed under arrest. “ Greenbush ” Road and “ Fire Tower ” Road, so-called are in the same general area. It is understandable that in this area, at night, where the roads are not, so far as appears, clearly marked, a road may be referred to in a manner not consistent with the official designation, probably, in any *303 event, unknown to the person so referring. The court cannot reach any other inference than that the crimes alleged in the informations and the indictments were one and the same.
The further question is raised by the District Attorney as to the applicability of section 673 of the Code of Criminal Procedure under which these motions are made. While the section is somewhat ambiguous and according to a strict reading would appear to apply only to a dismissal on the grounds of failure to indict, the court is inclined to a broader view. In People v. Henry (111 Misc. 561) a strict construction was placed on the statute. In Matter of Hauser v. Schlissel (27 Misc 2d 1087, 1089) Mr. Justice Pittoni uses these words, “ Furthermore, section 673 of the Code of Criminal Procedure only bars another prosecution if the offense is a misdemeanor. That bar could apply only if both informations herein were for the same misdemeanor crime ”, In Matter of Flahavan v. Allen (51 Misc 2d 1063, 1064, 1065) decided in 1966, Mr. Justice Zeller, in an article 78 proceeding said, in part, “ Section 673 of the Code of Criminal Procedure declares an order dismissing an action for want of prosecution is a bar to another prosecution for the same offense, if it be a misdemeanor hut (with one exception) is not a bar if the offense charge be a felony Then, in words expressing the views of this court, he added, “ In any event section 673 of the Code of Criminal Procedure expresses the intent of the Legislature that a person shall not he vexed a second time for a charge not of a serious criminal nature which has been dismissed for lack of prosecution ”,
Here, these defendants, having had the misdemeanor charges against them dismissed for lack of prosecution, justice and fairness do not permit that they he prosecuted by indictment for the identical crime.
Indictment as to both above defendants dismissed.