Louis SoHiPBm, J.
This motion made by the People, denominated as a motion for reargument of defendant’s motion to dismiss the information (charging assault in violation of Penal Law, § 120.00) is treated as a motion to vacate the order dismissing the information for lack of prosecution and to restore the case to the Jury Part for trial.
The case originated in Part 3 (Youth Part) of the court and was, after miscellaneous proceedings, transferred in due course, upon demand of the defendant, to the Jury Part of the court for trial as a youthful offender.
On February 23, 1971, the case was called on the Jury Part Calendar, and upon failure of the complainant to appear, and without objection of the People, the court granted the motion of the defendant to dismiss for lack of prosecution. Some 20 minutes later, the court was informed that the complainant had, in fact, appeared at Part 3 of the court, having been so directed by the subpoena, obviously in error, served upon her by the District Attorney’s office. After discovering the error she was directed by the District Attorney’s office to go to the Jury Part and did in fact appear there after the case was dismissed and after the defendant had left the court. It should be noted that in Bronx County, Part 3 of the court is located at 161st Street and Third Avenue and the Jury Part is located in the Bronx County Building at 161st Street and Grand Concourse, about 10 city blocks away.
*108 This motion followed and the court is now confronted with the assertion by the People that at the time of the dismissal of the action the court and the District Attorney assumed that the complainant was not desirous of prosecuting the action, but that her appearance in the wrong court because of an error made by the District Attorney’s clerk in preparing the subpoena, indicated a conviction to prosecute the case, and that, therefore, in the interest of justice the case should be restored to the calendar.
The defendant asserts, however, that the court is precluded from granting the motion as section 673 of the Code of Criminal Procedure bars further prosecution.
The court has the power to exercise control over its own judgments and orders and to relieve from judgments or orders taken through mistake, inadvertence, or excusable neglect. Such power is not based upon any statute, but is inherent, and in the exercise of its control over its own judgments and orders it may open them upon the application of any one for sufficient reason, in the interest of justice. (Matter of Lyons v. Goldstein, 290 N. Y. 19 ; People ex rel. Hirschberg v. Orange County Ct., 271 N. Y. 151, 155; Donnelly v. McArdle, 14 App. Div. 217; People v. Mortefoglio, 56 N. Y. S. 2d 496.)
While the People of the State of New York is the necessary party to a criminal action and the District Attorney is the People’s advocate, the prime movant in a charge of assault is the person allegedly assaulted by the defendant.
Because of an error made by a clerk in the District Attorney’s office, the complainant was directed to the wrong court and did appear there, while in the court where the action was pending the court dismissed the action because of her failure to appear.
The discretion of the court exercised in the interest of justice is available to the People or a complainant just as it would be available to a defendant, and where, as here, dismissal was ordered because of a mistake made by a clerk in the District Attorney’s office, justice dictates that the order of dismissal be set aside and the case restored to the calendar for trial.
The defendant, however, argues that section 673 of the Code of Criminal Procedure proscribes the granting of the relief requested. The said section provides:
‘ ‘ An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor; but, except as provided in section six hundred sixty-nine-a hereof, it is not a bar, if the offense charged be a felony.” (Italics added.)
In determining the legislative intent in the construction of a statute, such intent is to be ascertained from the words and *109 language used, and the statutory language should be construed according to its natural and most obvious sense, without resorting to an artificial or forced construction. Each word must be given its appropriate meaning and sense must be brought out of the words used. (People v. Oswald, 1 Misc 2d 726.)
Meaning and effect should be given to all of the provisions of a statute and all of its words when it is practicable to give to each a distinct and separate meaning. (People ex rel. Powott Corp. v. Woodworth, 260 App. Div. 168; People v. Allison, 16 N. Y. S. 2d 571.)
The defendant would have the court construe the words ‘ ‘ another prosecution ’ ’ as applying to the application to restore this case to the calendar. Applying the rules of construction above enunciated, and giving appropriate meaning and sense to the words “ another prosecution” the conclusion is inescapable that the legislative intent was to bar an additional prosecution or one that is different from the present one and not to the restoration, in the interest of justice, of the instant action. Thus, the filing of another information or complaint alleging the same offense would be proscribed.
The cases cited by the defendant are not in conflict with this point of view.
In People v. Edmister (46 Misc 2d 393) the District Attorney, having dismissed, pursuant to section 671, an indictment for a misdemeanor, was barred, under section 673, from presenting the case again to another Grand Jury.
Matter of Flahavan v. Allen (51 Misc 2d 1063) upon which the defendant relies heavily, denominating it as a “ leading case ” on the subject does not uphold his contention. In an article 78 proceeding, in the nature of a writ of prohibition, the petitioner sought to restrain a Police Justice from trying petitioner on a charge of speeding. The petitioner had been served with a uniform traffic ticket, appeared and was arraigned and a date fixed for trial. On the trial date, the Police Justice dismissed the charge for failure to prosecute. Thereafter the same officer served upon the petitioner another uniform traffic ticket charging her with the identical offense. The court granted the writ holding that this was 11 another prosecution ” barred by section 673. In the case at bar no additional prosecution or proceeding is involved.
Again, in People v. Miller (63 Misc 2d 879) cited by the defendant, a second complaint was filed against the defendant charging harassment, after the first complaint charging assault had been *110 dismissed for lack of prosecution, and such second charge was barred.
Accordingly in the discretion of the court, in accordance with its inherent power exercised in the interest of justice, and there being no statutory prohibition to such action, the motion is granted, the order dismissing the information herein is vacated and the case is restored to the Jury Part Calendar for trial.