Sherwood L. Bestry, J.
These are motions to dismiss three uniform traffic tickets.
The defendant was personally served, by an officer of the Erie County Sheriff’s Department, with three uniform traffic tickets charging the following offenses: Ticket No. 67676, section 1192 (subd. 2) of the Vehicle and Traffic Law, driving while intoxicated, on the 15th day of November, 1969, at 3:25 a.m. at *80 Route 78(S), Town of Amherst; Ticket No. 67678, section 1163 (subd. [b]) of the Vehicle and Traffic Law, turning without signaling* on the 15th day of November, 1969, at 3 :30 a.m. at Boute 78(S) and Wehrle Drive, Town of Amherst; and Ticket No. 67677, section 1126 (subd. [a]) of the Vehicle and Traffic Law, driving to left of pavement markings, on the 15th day of November, 1969, at 3:25 a.m. at Boute 78(S), Town of Amherst.
The tickets notified the defendant to appear at this court on November 26, 1969, at 7:30 p.m. Defendant appeared with his attorney, was arraigned by Hon. Theodore E. Smith, Jr., and pleaded not guilty. The cases were adjourned until December 22, 1969 to set a date for trial. On December 22, 1969', a trial date of December 31, 1969, was set.
On the latter date defendant appeared with his attorney and a witness, ready for trial. The complaining witness did not appear and defendant moved to dismiss for failure to prosecute. The District Attorney did not object and the motions were granted ‘ ‘ without prejudice ’ ’.
Subsequently, the same officer issued three new uniform traffic tickets as follows: Ticket No. 68262, section 1192 (subd. 2) of the Vehicle and Traffic Law, driving while intoxicated, on the 15th day of November, 1969, at 3:25 a.m. at Boute 78(S), Town of Amherst; Ticket No. 68258, section 1163 (subd. [b]) of the Vehicle and Traffic law, turning without signaling, on the 15t!h day of November, 1969, at 3:30 a.m. at Boute 78(S) and Wehrle Drive; and Ticket No. 68259', section 1126 (subd. [a]) of the Vehicle and Traffic Law, driving left of pavement markings, on the 15th day of November, 1969, at 3:25 a.m. at Boute 78(S), Town of Amherst.
The tickets notified the defendant to appear at this court on January 14, 1970, at 8:00 p.m. The defendant did appear with his attorney and made these motions to dismiss on the grounds that the same charges had been previously dismissed for failure to prosecute.
With reference to Ticket No. 68258 charging a violation of section 1163 (subd. [b]) of the Vehicle and Traffic Law, the ticket fails to state the municipality in which the offense occurred; the East side of Boute 78 at the intersection of Wehrle Drive is not within the Town of Amherst while the West side of Boute 78 is. This court cannot determine whether the offense was committed within its jurisdiction. Therefore, that uniform traffic ticket is defective on its face and the charge is dismissed.
With reference to Ticket No. 68262, the charge is exactly the same as charged in Ticket No. 67676 which was dismissed on December 31,1969', for failure to prosecute.
*81 With reference to Ticket No. 68259, the charge is exactly the same as charged in Ticket No. 67677 which was dismissed on December 31, 1969, for failure to prosecute.
It is claimed by defendant that section 673 of the Code of Criminal Procedure bars further prosecution with respect to Tickets Nos. 68262 and 68259, a misdemeanor and a traffic infraction, respectively. In addition, he contends that it is immaterial whether the previous dismissals were ‘ ‘ with prejudice ’ ’ or “ without prejudice ”.
Section 673 of the Code of Criminal Procedure provides: “ An order for the dismissal of the action, as provided in this chapter [emphasis supplied], is a bar to another prosecution for the same offense, if it be a misdemeanor: but, except as provided in section six hundred sixty-nine-a [and] section six hundred sixty-nine-b hereof, it is not a bar, if the offense charged be a felony.”
Section 673 is contained in chapter VII, under title XII of part IV of the Code of Criminal Procedure. The heading of chapter VII reads ‘1 dismissal of the action, before or after INDICTMENT, FOR WANT OF PROSECUTION OR OTHERWISE ’ ’. The words in section 673, “ as provided in this chapter ”, refer to the provisions of chapter VII.
A reading of each of the sections of that chapter, exclusive of section 673, indicates that they pertain to felonies and any misdemeanor which becomes a subject for Grand Jury action by certificate of a County Judge or Supreme Court Justice as provided in section 57 of the Code of Criminal Procedure; and any misdemeanor acted upon by a Grand Jury pursuant to section 59 of the Code of Criminal Procedure.
Ticket No. 67676, charging a violation of section 1192 (subd. [2]) of the Vehicle and Traffic Law (a misdemeanor), which was dismissed for failure to prosecute, did not become a subject for Grand Jury action by virtue of section 57 of the Code of Criminal Procedure as no certificate had been issued nor had any application been made. Furthermore, there had been no Grand Jury action initiated by the District Attorney under section 59 of the Code of Criminal Procedure. Therefore, the provisions of section 673 do not apply to the present charge contained in Ticket No. 68262 (violation of section 1192 [subd. (2)] of the Vehicle and Traffic Law) and the motion with respect thereto is denied.
The defendant urges that section 155 of the Vehicle and Traffic Law provides that all provisions of law relating to misdemeanors shall apply to traffic infractions, except the right of trial by jury. Various cases interpreting section 155 of the *82 Vehicle and Traffic Law have declared that the law of criminal procedure, both before prosecution as well as during, governing misdemeanors, generally does apply to traffic infractions, but there are exceptions. (People v. Marsh, 20 N Y 2d 98.)
It is not necessary for the purpose of this decision to determine whether traffic infractions may become subject to Grand Jury action under the provisions of section 57 and/or 59 of the Code of Criminal Procedure. (See 1934 Atty. Gen. [Inf. Opns.] 439; 51 N. Y. St. Dept. Rep. 439.)
The traffic infraction charge contained in Ticket No. 67677 against the defendant, which was previously dismissed for failure to prosecute, had not become the subject of Grand Jury action and, therefore, the present charge contained in Ticket No. 68259 (traffic infraction) does not come within the provisions of section 673 of the Code of Criminal Procedure.
In enacting section 673 of the Code of Criminal Procedure, the Legislature has expressed the intent that misdemeanors which become the subject of Grand Jury action and which are dismissed for failure to prosecute shall not be prosecuted thereafter; but the Legislature has not expressed the intent that all misdemeanors and traffic infractions which are dismissed for failure to prosecute' shall not thereafter be prosecuted.
It may be desirable that in every instance “ a person shall not be vexed a second time for a charge not of a serious criminal nature which has been dismissed for lack of prosecution.” (Matter of Flavahan v. Allen, 51 Misc 2d 1063, 1065.) However, that is a determination for the Legislature, not for this court.
The court had the power to dismiss the three uniform traffic tickets “without prejudice” on December 31, 1969, because there was, and is, no statutory bar for new actions for the same offenses under the circumstances.
The motion of the defendant with respect to Traffic Ticket No. 68259 is denied.
Trial date is hereby set for Monday, March 9,1970, at 8:00 p.m.