Abraham J. Gellinoff, J.
This is an article 78 proceeding, rder of prohibition which would bar a renewed prosecution of petitioner for a misdemeanor which was initially dismissed. seeking ajj nrosecution
When petitioner was arraigned in Criminal Court, an Assistant District Attorney stated: “We cannot prove a case beyond a reasonable doubt. After speaking with the complaining witness, this is a boyfriend-girlfriend relationship for five years. The incident [an alleged assault] took place in the boyfriend’s apartment, in the kitchen, on May 28th, and the complainant did not report this incident [for] a month to a month and a half later at approximately the same time a civil suit was brought on. This action belongs in civil court and not in criminal court.” The prosecutor’s motion to dismiss the criminal charges was thereupon granted. Although the record does not specifically so state, presumably the charge was dismissed ‘ ‘ in furtherance of justice ” (see CPL 170.30, subd. 1, par. [g]). A month later, another Assistant District Attorney, characterizing his colleague’s action as “ precipitous ”, moved to “ reinstate the case to the calendar *657 for trial purposes.” The motion was granted over petitioner’s objection.
This being a misdemeanor case, the applicable provisions of the Criminal Procedure Law are sections 170.30 and 170.40. They authorize the dismissal of a misdemeanor information on several grounds, including “in furtherance of justice ” (CPL 170.30, subd. 1, par. [g]; 170.40, subd. 2). Nowhere, however, do these sections, or any other sections in the Criminal Procedure Law, provide that the dismissal of an information is a bar to a new prosecution.
This failure of the Criminal Procedure Law to bar renewed prosecution of a misdemeanor that has been dismissed, does not appear to be a legislative oversight. For the Legislature did provide for a bar to renewed prosecution in other instances. Sections 210.20 and 210.40, which pertain to dismissals of indictments (they are the counterparts of sections 170.30 and 170.40 which pertain to informations), bar renewed prosecutions where an indictment has been dismissed due to immunity, double jeopardy, Statute of Limitations, and denial of a speedy trial (CPL 210.20, subd. 1, pars, [d], [e], [f], [g], [h]). An indictment dismissed “ in the interest of justice ” (CPL 210.20, subd. 1, par. [i]) is not barred from renewed prosecution where further prosecution is authorized by the court (CPL 210.20, subd. 4).
In short, nothing in the statute forbids the reinstatement of the instant misdemeanor prosecution. Nor is double jeopardy involved here, for jeopardy does not attach until a witness is sworn at trial (CPL 40.30).
Sections 671 and 673 of the former Code of Criminal Procedure —relied on by petitioner and erroneously cited by respondent —have no relevance to this case; those sections dealt only with prosecutions “ after indictment ”, not prosecutions of misdemeanors.
The equities in this matter lie squarely with petitioner. It seems unfair to permit a prosecutor to reinstate charges after he has had the information dismissed on his own motion — particularly when he had detailed at length his contention that he could not prove a case. But the issue in this proceeding is not one of policy, but of power. The only issue now before this court is whether the Criminal Court lacked the authority to restore the case to the trial calendar. Nothing in the law demonstrates such lack of authority here. Moreover, the issue is still reviewable on direct appeal in the event of conviction (see Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432, 436-437 [1971]).
Therefore, the application must be denied and the petition dismissed.