Joseph Jaspan, J.
As the consequence of a traffic accident, the defendant was arrested on November 1, 1975, for driving while intoxicated and charged in an information with violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, a misdemeanor.
When it became apparent that the defendant had been previously convicted of the same crime, the District Attorney requested and was granted adjournments of the scheduled trial so that the elevated charge could be presented to the Grand Jury. The People did not promptly avail themselves of the opportunities so provided in April and May and on May 27, 1976, the court, upon oral motion of the defendant, and *417 over the objection of the People dismissed the case for failure to prosecute.
Thereafter and on June 18, 1976, the defendant was indicted for the crime of operating a motor vehicle while under the influence of alcohol, as a felony.
The defendant now moves to dismiss the indictment upon the ground that there are jurisdictional and legal impediments to a conviction for that crime (CPL 210.20, subd 1, par M).
In essence, the defendant claims that the provisions of CPL 170.20 (subd 2) precluded action by the Grand Jury and that the prior dismissal in the District Court is conclusive upon the parties. He also argues that a dismissal for failure to prosecute is tantamount to the granting of a motion to dismiss for failure to provide the defendant with a speedy trial (CPL 30.30) and in the absence of a timely appeal, the order is final and binding.
CPL 170.20 provides that where an accusatory instrument is pending before a local criminal court, the District Attorney may apply for an adjournment of the proceedings on the ground that he intends to present the charge in question to a Grand Jury. In such a case, the local criminal court must adjourn the proceedings to a date which afford the District Attorney a reasonable opportunity to present the case to the Grand Jury. The court may grant such further adjournments for that purpose as are reasonable under the circumstances.
The section then provides that: "(b) If the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue.” (CPL 170.20, subd 2, par [b]; emphasis supplied.)

Was the Grand Jury Divested of Power to Indict?

"In this State the Grand Jury derives its power from the Constitution and acts of the Legislature * * * Traditionally, our courts have afforded the Grand Jury the widest possible latitude in the exercise of these powers and insisted that in the absence of a clear constitutional or legislative expression they may not be curtailed”. (People v Stern, 3 NY2d 658, 661.)
A statute which forbids a Grand Jury from indicting must be worded clearly. (People v Ryback, 3 NY2d 467.)
The statutory language of CPL 170.20 and CPL 170.25 recognize the concurrent jurisdiction of the lower criminal courts and the superior court with respect to misdemeanor *418 charges and provide for the orderly transfer of power to the superior court upon timely application by the defendant or by the District Attorney. There is no suggestion in these sections that the Grand Jury is barred from consideration of felony charges arising from the same transactional events. The limitations referred only to misdemeanor charges and not to the elevated crime — a felony. Absent is clear language showing that the Legislature intended by these sections to divest the Grand Jury of the power to indict for a felony.
Nor is Grand Jury action barred by double jeopardy or collateral estoppel. The defendant has never been put into jeopardy by trial and no trial issue involved in the case had been adjudicated at the time of the presentation to the Grand Jury.
I conclude, therefore, that there was no jurisdictional or legal impediment to the indictment.

Was Dismissal for Failure to Prosecute a Final Disposition?

The defendant citing People v Imbesi (38 NY2d 629, 631), argues that the courts have power to dismiss criminal charges because of the failure of the People to prosecute within a reasonable or specified period of time and that such a dismissal is actually a speedy trial determination with the final and binding effect of a motion made under CPL 210.20 (subd 1, par [g]).
While the underlying facts which may prompt a Judge of the District Court to dismiss for failure to prosecute may also constitute the basis for a speedy trial motion, the parameters are not coextensive. A dismissal for failure to prosecute a criminal case has no statutory premise and is based upon the actual or implied abandonment of the proceedings by the District Attorney. A speedy trial motion alleges a violation of a defendant’s constitutional right to a speedy trial. (CPL 30.20, 30.30.)
The action of the District Court in this case in dismissing the misdemeanor charges reflected an impatience with the People’s failure to move promptly and was not intended to be a speedy trial motion. (See People v Taranovich, 37 NY2d 442.)
Nor would that impatience, however justified, be a substitute for the necessary procedural requirements.
The motion was not made on papers as required by CPL 170.45. Accordingly, the motion should not have been enter *419 tained. (People v Rodriquez, 45 AD2d 41; People v Ryan, 42 AD2d 869; People v Denson, 46 AD2d 775.) No hearing was conducted, there were no findings of fact or conclusions of law and no order was entered reflecting the action of the court. There was no determination of the issues and there was no appealable order. (10 Carmody-Wait 2d, NY Prac, p 288, § 70.18; CPL 460.10; People v Jayson, 31 AD2d 551.)
It would thus appear that there was no final disposition of this matter in the District Court which would bar further action by the Grand Jury within the scope of its authority.
The motion of the defendant to dismiss the indictment is denied.