Melvin D. Glass, J.
Although there are some collateral issues confronting the court in this matter, the primary question is whether the "dismissal for failure to prosecute” a misdemeanor is a bar against further action regarding the same charge. The court holds that it is.
The defendants are father and son. There were originally two accusatory instruments filed against each defendant in *98 the New York City Criminal Court. A felony complaint charged each one with criminal possession of stolen property in violation of subdivision 3 of section 165.45 of the Penal Law. The property in question was a calculator alleged to be stolen. Neither affidavit specified the value of the property nor did they allege that the defendants were pawnbrokers or in the business of dealing in property as required by subdivision 3 of section 165.45.
In addition to the felony, there was a misdemeanor information filed against each defendant charging each with possession of gambling records in violation of section 225.15 of the Penal Law. All of the charges were eventually "dismissed for failure to prosecute.” The District Attorney then presented the matter to a Grand Jury and an information was filed against the defendants, charging each with promoting gambling in the second degree, section 225.05 of the Penal Law, possession of gambling records in the second degree, section 225.15 of the Penal Law, and a violation of section 165.40 of the Penal Law, criminal possession of stolen property.
CPL 170.30 (subd 1, par [e]) provides for the dismissal of an information when the defendant has been denied his right to a speedy trial. As the Practice Commentary following the section in McKinney’s indicates, the misdemeanor statute parallels CPL 210.20 which governs motions to dismiss indictments. (McKinney’s Cons Laws of NY, Book 11A, CPL 170.30.) CPL 210.20 (subd 1, par [g]) provides for the dismissal of an indictment where the defendant has been denied the right to a speedy trial. Under subdivision 4 of the same section there are four situations in which the dismissal of an indictment or an information for that fact, can be overcome. They provide for resubmission to a Grand Jury in the court’s discretion. A dismissal because of the denial of a speedy trial is not one of those situations.
Under section 673 of the Code of Criminal Procedure, the dismissal of a misdemeanor "for failure to prosecute” was clearly a bar to further prosecution. There appears to be no indication that the Legislature intended changing the law when the CPL was enacted. In fact, the table correlating the sections of the Code of Criminal Procedure with the Criminal Procedure Law show section 673 of the Code of Criminal Procedure transferred to CPL 210.20 (subd 4).
In the instant case, the charges of possession of gambling records in the second degree against each defendant must be *99 dismissed. They were part of the previous proceeding which resulted in the "dismissal for failure to prosecute.” The charges of promoting gambling in the second degree are new and therefore the defendants’ motion to dismiss these counts is denied.
The misdemeanor charge of criminal possession of stolen property, presents a novel issue. The charge was originally drawn as a felony in an instrument which failed to state the value of the property or that the defendants were pawnbrokers or were dealers in property. The evidentiary portion of the affidavit only spelled out a misdemeanor. After the matter was presented to the Grand Jury, a misdemeanor and not a felony count emerged. The dismissed "receiving” case will therefore be treated as having been a misdemeanor and not a felony. For that reason, the criminal possession of stolen property count in the new information is dismissed.