OPINION OF THE COURT
Daniel J. Sullivan, J.
This is a motion to dismiss "in the interests of justice” (CPL 170.30, subd 1, par [g]; 170.40) a prosecutor’s information charging the defendant Sebastian Nizza with the misdemeanor of leaving the scene of an accident (Vehicle and Traffic Law, § 600).
The accident giving rise to the charges herein occurred in Kings County on November 22, 1976. On the same day, the defendant was issued an appearance ticket by a police officer named Joseph Ciccone, who thereafter swore out a misdemeanor complaint on December 12, 1976. The accusatory *824 portion of that instrument was essentially a hearsay statement attributed to one William Martinez. The relevant allegations ran along the lines that the defendant, while driving an automobile, had struck and injured a pedestrian named Robert Schweitzer seriously enough to require hospitalization, and that the defendant had left the scene without filing an accident report as required by law. Nizza was arraigned on December 12, at which time a preliminary hearing date was scheduled.
That proceeding was twice adjourned due to the absence of the "complainant.” However, it was conducted on January 28, 1977, with the result that the defendant was held for trial. The minutes of that proceeding not having been made part of the record on the instant motion, the identity of the prosecution witnesses at that time is presently unknown to the court. However, a discovery motion by the defense resulted in a disclosure by the prosecution that the latter had two "on scene” witnesses, namely, William Martinez and Tony Hernandez.
Additionally, the defense made a motion to suppress identification testimony, alleging that the defendant had been viewed in a constitutionally impermissible manner by two witnesses. This claim prompted the court to order a sp-called Wade hearing. Endorsements on the court papers indicate that three adjournments of the Wade hearing were granted at the behest of the parties. More specifically, the first two were granted the defense; while the prosecution obtained the third adjournment. Following these postponements, the matter came on to be heard on March 30,1977.
Initially, there was some discussion between the opposing attorneys and the court respecting the reasons the prosecution had sought the most recent adjournment, and then the court inquired as to whether the District Attorney was then ready to proceed. Whereupon, the prosecutor responded that a police car had been sent to the homes of the witnesses Martinez and Hernandez, but those persons had not been at home. The prosecutor went on to remark, in essence, that Mr. Schweitzer —who was still hospitalized — would not be an identification witness. Then the following colloquy occurred:
"(Court): They had been notified of this date before, I presume.
"(Prosecutor): They were notified in Court, your Honor.
*825 "(Court): Would you consent to dismissal since you don’t have any witnesses whatsoever?
"(Prosecutor): I don’t see how we could proceed in their absence, sir. Regretfully, I would have to consent to dismissal.
"(Court): I think so, dismissed on motion of A.D.A. All right, dismissed on motion of the D.A.
"(Counsel): Thank you very much, Your Honor.
"(Court): Thank the D.A.”
Whereupon, the presiding Jurist endorsed the court papers with a stamp reading "Dismissed Motion A.D.A.,” and he made handwritten notations to the effect that the concession by the prosecutor about his inability to proceed had been made because "neither witness appeared.”
At some point following the dismissal, the District Attorney presented this case to a Grand Jury, which body on or about May 27, 1977 directed that a prosecutor’s information charging a violation of section 600 of the Vehicle and Traffic Law be filed against the defendant herein. On June 10, such an instrument was filed and attached to the original papers in this case. After restoration of the matter to the trial calendar, several adjournments were granted the parties so that they could brief the question of law presented by this motion.
Essentially, the defendant argues that the District Attorney lacked the legal power to submit this matter to the Grand Jury following the dismissal of March 30, his only remedy being, in the defendant’s view, a petition addressed to the inherent powers of the court to restore the case to the calendar. Beyond that, the defendant accuses the prosecutor of acting in "bad faith” because of the presentation of this case to the Grand Jury without notice to the defense, and because of certain allegedly inaccurate statements made by that prosecutor to the court following the filing of the prosecutor’s information. Conversely, the District Attorney argues, in substance, that he had a legal right to proceed as he did, and he goes on to argue that the situation presented here is not of the "compelling” kind required to justify a dismissal "in the interests of justice.”
Notably, the parties do not now attempt to define the court’s action of March 30. If the Jurist in question merely exercised his calendar control function, the prosecutor could certainly have sought to revitalize the prosecution by application to this court, as defendant presently acknowledges (see
*826 Matter of Krum v Hogan, 69 Misc 2d 656). Moreover, it could have opted instead for a presentation to a Grand Jury (see People v Di Marco, 19 AD2d 150; People v Morgan, 90 Misc 2d 416; cf. People v Scerbo, NYLJ, Sept. 16, 1977, p 7, col 1). On the other hand, if the judicial ruling purported — however inartfully — to dismiss the prosecution on grounds specified in the CPL, seemingly the proper recourse would have been a prosecutorial appeal (see, e.g., People v Johnson, 49 AD2d 928; People v Potts, 44 AD2d 574; People v Cangiano, 40 AD2d 528). In the instant case, there can be no doubt that the dismissal constituted an exercise of the court’s calendar control function and that it was understood to be such by all concerned. For it may readily be concluded that the court did not act either "in the interests of justice” or because it found a deprivation of the right to a speedy trial — seemingly the only other possibilities.
Clearly, the Judge who dismissed this case did not sense the presence of any "compelling” circumstances which are required for an "interests of justice” dismissal. Conclusive on this subject is the absence of the statutorily required statement of explanatory reasons (CPL 170.40, subd 2). As for the remaining possibility, it may be observed that no formal "speedy trial” motion (CPL 170.30, subd 1, par [c]) was pending before that Judge, and that he did not make any time computations of the kind which ordinarily attend the determination of such a motion. And, of course, the statute just cited does not contemplate a "speedy trial” motion being initiated by anyone but the defendant. In that regard, it is noteworthy that no effort was made by defense counsel to have the court relate its action to any of the grounds for dismissal specified in the CPL. And, lastly, the prosecutor’s ready acquiescence in the court’s proposed action and his failure to insist upon the entry of an order which could be appealed bespoke his belief that the dismissal would not legally impede the prosecution’s right to proceed with the case if the witnesses could be located.
Neither the District Attorney’s initial action under the constraint of the immediate situation, nor his failure to advise the defendant of his intent to present the case to the Grand Jury (cf. CPL 190.50, subd 5, par [e]), affected the prosecution’s legal power to proceed to the Grand Jury (see Matter of Krum v Hogan, supra). Similarly, the legal efficacy of the prosecutor’s information would in no way have been enervated even if *827 the prosecutor in question had exhibited "bad faith” towards this court in the manner claimed by the defense but not borne out by the record. In other words, it is not the alleged unfairness of the District Attorney that is dispositive: the issue is his legal authority to act as he did.
Since the misdemeanor complaint was dismissed before the defendant was placed in jeopardy, the prosecutor had the right to present the case to the Grand Jury without the permission of this court, which approval perhaps would have been required if that complaint had still been extant at the time (CPL 170.20; see People v Di Marco, supra; People v Morgan, supra). Thus, there is no jurisdictional or legal impediment to the prosecutor’s information. In that connection, it may be remarked that the court, finding no predicate whatsoever for considering a dismissal "in the interests of justice,” has treated the present motion as essentially a jurisdictional challenge to the prosecutor’s information.
For the reasons assigned, the motion to dismiss the prosecutor’s information is denied.