OPINION OF THE COURT
Anthony P. Savárese, J.
The first branch of defendants’ motion is for the inspection and transcription of the Grand Jury minutes and a dismissal of the indictment. Although CPL 210.20 (subd 1, par [h]) (dismissal because of a legal impediment) is not specifically *432 raised as a ground by the defendants, their moving papers, by the facts and circumstances contained therein, raise the issue by inference. Phrased in the colloquial, defense counsel has a hat, he just hasn’t found the right peg to hang it on. The facts as outlined by the People also tend to support the existence of this issue.
Had this case originated by direct presentment and indictment, resubmission following dismissal for failure to prosecute would be prohibited under CPL 210.20 (subd 4) (see, also, People v Staley, 41 NY2d 789; and People v Wilson, 8 NY2d 391). Nor could the case be resurrected as a misdemeanor complaint or information in the criminal court (People v Scerbo, 91 Misc 2d 97).
The question before this court is then, may the District Attorney evade the consequence of a dismissal for failure to prosecute by changing the grade of the charge and the forum to which he presents an accusatory instrument. Or must he test the dismissal by appeal?
The question is simply stated; not so the answer.
It is the law that a "magistrate’s proceeding [is] distinct from the Grand Jury’s inquiry”. A Grand Jury has the "power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been * * * a preliminary hearing”. (People ex rel. Hirschberg v Close, 1 NY2d 258, 260-261; People v Tornetto, 16 NY2d 902, cert den 383 US 952; People v Aaron, 55 AD2d 653; People v Lohman, 49 AD2d 75; People v Fields, 43 AD2d 649.)
Even where a preliminary hearing has been held and the defendant discharged by the hearing court, the District Attorney may still present evidence to the Grand Jury concerning the same crime and the same defendant (People v Dillon, 197 NY 254; People v Abbatiello, 30 AD2d 11; Matter of Friess v Morgenthau, 86 Misc 2d 852). Where the only charge presented is a misdemeanor complaint which is still pending, the District Attorney may present the matter to the Grand Jury and procure a felony indictment (People v Anderson, 45 AD2d 561).
Under section 673 of the Code of Criminal Procedure, dismissal of a misdemeanor for want of prosecution was a bar to another prosecution for the same offense. After enactment of the new Criminal Procedure Law, in People v Krum (68 *433 Misc 2d 763), it was held that the failure of the Legislature to continue that bar, absent some other provision of the law, allowed the District Attorney to reinstate a misdemeanor complaint which had been dismissed on his motion (contra, see, People v Scerbo, 91 Misc 2d 97, supra).
Traditionally, the courts of this State have afforded the widest possible latitude in the exercise of these powers of the Grand Jury to investigate and have insisted that, in the absence of a clear constitutional or legislative expression, they may not be curtailed. (People v Stern, 3 NY2d 658; People v Ryback, 3 NY2d 467; People ex rel. Hirschberg v Close, supra; People ex rel. Livingston v Wyatt, 186 NY 383; Matter of Mullen v Block, 176 Misc 442.)
This court is aware that dismissals for failure to prosecute in local criminal courts frequently are based upon grounds which would not survive appellate court scrutiny. Whether the criminal court properly dismissed the misdemeanor complaint for failure to prosecute or abused its authority and discretion, however, is not for this court to decide. This court is not an appellate court and may not arrogate to itself appellate powers to rule upon the validity of dismissal. It is sufficient that the court below, having trial jurisdiction and not just preliminary jurisdiction, dismissed the misdemeanor complaint upon a ground that, by its very nature, encompasses constitutional issues. (See People v Staley, supra, wherein the Court of Appeals held that there is a constitutional right to a prompt prosecution. This right rests upon the right to a speedy trial and the defendant’s right to due process.)
The only route open to the People, following that dismissal, was an appeal to the Appellate Term, not the resurrection of the prosecution by relabeling the same criminal act, and presenting it to another forum, when the dismissal was on a constitutional ground.
It is the court which has the jurisdiction to give the defendant a trial on the accusatory instrument which should determine the validity of any claim of a denial of the right to a prompt prosecution. The People, by reducing the pending felony complaint to a misdemeanor, agreed to accept the full jurisdiction of the criminal court.
Up to the point when a trial began and jeopardy attached (CPL 40.20) or until the matter was dismissed upon a constitutional ground, the People had the ability to present their evidence to a Grand Jury.
*434 Defendants’ motion is granted. The indictment is dismissed. The balance of the defendants’ motion is moot, the indictment having been dismissed.