OPINION OF THE COURT
John V. Vaughn, J.
The defendant moves to dismiss this indictment charging him with driving while intoxicated as a felony upon the grounds that (a) the prosecution is barred by reason of a previous prosecution, (b) there is a jurisdictional or legal impediment to a conviction on this charge, and (c) dismissal is required in the interest of justice.
The facts are undisputed. Defendant was initially charged with driving while intoxicated as a felony, which charge was reduced to driving while intoxicated as a misdemeanor in the Justice Court of the Town of Southampton. Subsequently, the charge was dismissed by the court for lack of a speedy trial pursuant to CPL 30.30. No appeal was taken from that dismissal and the time to appeal has expired. After the dismissal, but prior to the expiration of the felony speedy trial period, the defendant was indicted for driving while intoxicated as a felony based upon the same criminal act which had been the basis for the dismissed misdemeanor charge.
The court finds that the prosecution is not barred by double jeopardy or collateral estoppel and the motion to dismiss on that basis must be denied. The defendant has never been put in jeopardy by trial within the meaning of the statute (CPL 40.30) and no trial issue involved in the case had been adjudicated at the time of the presentation to the Grand Jury (People v Morgan, 90 Misc 2d 416).
The application to dismiss on the ground that there is a *752 jurisdictional or legal impediment to conviction is also based upon the fact that the dismissal of the misdemeanor charge on speedy trial grounds is a bar to prosecution on this charge. The issue is whether the District Attorney may evade the consequences of a dismissal for failure to prosecute by changing the grade of the offense and the forum in which it is brought.
Unlike CPL 210.20 (subd 4) pertaining to the dismissal of an indictment, there is no provision in CPL 170.30 barring a new prosecution upon the dismissal of an information. The draftsman of the CPL did not discuss the omission (see Staff Comment to Proposed CPL 85.25-85.45, at pp 122-124) and the courts have held that under this statute the dismissal of an information does not prevent reinstatement of an information or even a new prosecution (Matter of Krum v Hogan, 69 Misc 2d 656; see People v Ackrish, 92 Misc 2d 431; see People v Bell, 95 Misc 2d 360). It follows that if a new information may be laid after the dismissal, there is no bar to a felony prosecution based upon the same act as long as the original dismissal was not on constitutional grounds (People v Ackrish, supra). This result would follow the rule in this State that any restriction upon the power of the Grand Jury to indict must be clearly and expressly stated (People v Ryback, 3 NY2d 467; People v Stern, 3 NY2d 658).
It is true that in People v Scerbo (91 Misc 2d 97, 98), the court reached a different result. There, the defendants were charged in a second information with the same crimes that had previously been dismissed for "failure to prosecute”. The court held that the prior dismissal barred the subsequent prosecution. It based that conclusion upon the fact that under the Code of Criminal Procedure (Code Crim Pro, § 673) a dismissal of a misdemeanor was a bar to any subsequent prosecution, and that there was nothing to indicate that the Legislature intended to change the law when the CPL was enacted. The court did not cite Matter of Krum v Hogan (supra) and its interpretation of the former Code of Criminal Procedure may have been too broad (see People v Bell, 95 Misc 2d 360, 365, supra; People v Hicks, 62 Misc 2d 79). It is also not clear from the opinion as to whether the earlier dismissal for "failure to prosecute” was on a "constitutional” or a "calendar control” basis (see People v Morgan, 90 Misc 2d 416, supra; People v Ackrish, 92 Misc 2d 431, supra), and it is thus not possible to reconcile the cases upon that basis. In any *753 event, this court feels that the reasoning in Matter of Krum v Hogan (supra) is correct, and that the statute does not automatically bar a subsequent prosecution.
In People v Ackrish (92 Mise 2d 431, supra) the court, as here, was faced with an indictment charging as a felony a crime which had been previously dismissed for "failure to prosecute” as a misdemeanor in a local criminal court. While recognizing the usual rule that indictment for the same act would not be precluded by the statute after dismissal of a misdemeanor complaint, it held that this was not the case where the prior dismissal was based upon constitutional grounds. In that case the court held that the only route open to the People was an appeal and that they could not resurrect the prosecution by relabeling the same criminal act and presenting it to another forum. Unlike Ackrish (supra), the dismissal in this case is alleged to have been based upon the statutory rights contained in CPL 30.30 and not upon any "constitutional” or "due process” ground. The parameters of the statutory right to a speedy trial are not coequal with that of the constitutional rights, and may be breached without any infringement of the latter (People v Sturgis, 77 Misc 2d 766). Thus, the prior dismissal does not automatically bar this prosecution.
However, the defendant has also moved to dismiss this indictment in the "furtherance of justice”. While the present statute offers little guidance for the determination of these motions (People v Beige, 41 NY2d 60), the courts have set forth some criteria for consideration (People v Clayton, 41 AD2d 204), and the Legislature has substantially adopted them in legislation which will take effect next year (L 1979, ch 216).
The equities in this case clearly favor the defendant. The initial felony charge was reduced to a misdemeanor, and the People did not seek to present it to a Grand Jury before the case was dismissed for lack of prosecution. Moreover, no appeal was taken from the order dismissing the case.
While the People note that the indictment was presented within 6 months of the original complaint, it does not appear that this is a relevant factor (see People v Osgood, 71 AD2d 1030). There is no allegation of any harm caused by the offense.
On the other hand it makes little sense to have a case dismissed for lack of prosecution only to have it reappear in *754 the same or a new forum. It makes a mockery of the court’s initial action, and the additional delay can only serve to the defendant’s disadvantage.
Such actions can only lead to disrespect for the courts’ orders and procedures and the over-all administration of justice.
Accordingly, the motion to dismiss the indictment is granted.