OPINION OF THE COURT
Harvey W. Sherman, J.
The court conducted a hearing of this matter as scheduled pursuant to this court’s prior order, dated March 1, 1984. As to the issue of failure to accord the defendant an opportunity to appear before the Grand Jury to give evidence in his own behalf pursuant to CPL 190.50 (subd 5, par [a]), this court is compelled by the statute in question to dismiss the indictment, conditionally. The statute clearly states “[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request”.
This court adheres to its original determination that the statute permits a defendant to testify even after a criminal charge has been submitted to a Grand Jury but prior to the filing of any indictment if the defendant promptly notifies the District Attorney of such a desire. That is precisely what occurred in the instant case. Therefore it is apparent *169 that the provisions of CPL 190.50 (subd 5, pars [a], [b]) have been violated in that the defendant was improperly denied his right to appear before the Grand Jury.
As to this court’s inquiry into a potential additional ground for dismissal pursuant to CPL 210.20 (subd 1, par [h]), that is, that there exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged, the court concludes the following. This court’s concern centers around CPL 170.20 (subd 2) which provides for removal from the local criminal court to a superior court of a pending case at the District Attorney’s instance, by proper application, upon the ground that he intends to present the misdemeanor charge in question to a Grand Jury for prosecution by indictment in the superior court.
“When a District Attorney applies for such an adjournment to present the misdemeanor charges, and perhaps felony charges arising from the same incident, to the Grand Jury, the local criminal court is mandated to grant the adjournment [citations omitted]” (People v Butor, 75 Misc 2d 558, 564). The hearing confirmed the following: The matter was originally pursued via felony complaints. At the August 19, 1983 felony examination date, the matters were reduced to misdemeanors and prosecuted as such in the First District Court, until the December 1,1983 indictment hand-up. At the last District Court appearance date, November 11, 1983, no notice of presentment to the Grand Jury was ever entertained before that court. No request pursuant to CPL 170.20 (subd 2) was ever requested in the local criminal court. The District Attorney argues that no such request is necessary, claiming legal authority to act as he did can be found in CPL 170.20 (subd 1). The People believe that the application of subdivision 2 of the statute is limited to matters in the local criminal court which are on the eve of trial or to forestall a defendant from pleading guilty to a charge in a misdemeanor complaint who seeks to take advantage of a fortuitous circumstance which resulted from an inadequate initial assessment, on the part of law enforcement officials, of the extent of defendant’s wrongdoing. (See People v Barkin, 49 NY2d 901.) The People allege such to be the practice by the *170 District Attorney’s office in this county. However, this court can find no such limited conditions imposed or implicit in the language of the statute itself or in prior decisional interpretations of said statute. It appears to this court that the two subdivisions must be read as a whole, the second subdivision is, in effect, the procedural outline for the general principle enunciated in subdivision one. This seems apparent by the actual language of subdivision 2 which makes specific reference to subdivision 1. “2. At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the District Attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a Grand Jury with a view to prosecuting it by indictment in a superior court.”
This court has found numerous decisions dealing with various other aspects of the operation of this statute but not one with the fact pattern as detailed above. For instance, in People v Nizza (92 Misc 2d 823), a misdemeanor complaint was dismissed as an exercise of the court’s calendar control function. It was then presented to the Grand Jury from which a prosecutor’s information was filed. The court held that (pp 826-827):
“Neither the District Attorney’s initial action under the constraint of the immediate situation, nor his failure to advise the defendant of his intent to present the case to the Grand Jury (cf. CPL 190.50, subd 5, par [e]), affected the prosecution’s legal power to proceed to the Grand Jury (see Matter of Krum v Hogan [69 Misc 2d 656]) * * *
“Since the misdemeanor complaint was dismissed before the defendant was placed in jeopardy, the prosecutor had the right to present the case to the Grand Jury without the permission of this court, which approval perhaps would have been required if that complaint had still been extant at the time (CPL 170.20; see People v Di Marco [19 AD2d 150]; People v Morgan [90 Misc 2d 416]).”
The above dicta in the Nizza decision is the issue before this court, i.e., is there a jurisdictional or legal impediment to this indictment due to the failure of the People to seek a CPL 170.20 adjournment — was the Grand Jury divested of power to indict?
*171 This court’s belief as to the proper application of the statute, that is, the People must request an (CPL 170.20) adjournment in the local criminal court before presentment to the Grand Jury, was approved in People v Butor (supra [which dealt with extended delays in presentment after making a CPL 170.20 request]); in People v Barkin (supra), where the CPL 170.20 request forestalled a defendant’s guilty plea to a misdemeanor, where the District Attorney opposed the acceptance of the plea; in People v Hale (119 Misc 2d 299), where a CPL 170.20 request did not forestall a guilty plea to a misdemeanor where the District Attorney consented to the plea being entered; in People v Bachety (112 Misc 2d 957), a case of some similarity, where upon a pending misdemeanor information, the People requested an adjournment to present a felony charge to the Grand Jury. The court concluded (p 959): “It is well-settled law that it lies within the province of the District Attorney to pursue the course of prosecutorial discretion in determining whether matters are to be presented to the Grand Jury or to proceed by way of local court information. (People v Florio, 301 NY 46; People v McDonnell, 83 Misc 2d 907.) In the instant case, the District Attorney initially proceeded by way of misdemeanor information in the local court and while such charge was pending sought to present the felony charges to the Grand Jury. That was entirely within the right and options of the District Attorney.”
This court agrees with the above, once the request for the adjournment is made in the lower court. This same rationale for requesting adjournments to present a felony charge to the Grand Jury has previously been followed by this District Attorney’s office in People v Morgan (90 Misc 2d 416).
Numerous cases, like the previous case involved a dismissal of the original charge and then a subsequent prosecution.
“[Cjourts have held that * * * the dismissal of an information does not prevent reinstatement of an information or even a new prosecution (Matter of Crum v Hogan, 69 Misc 2d 656; see People v Ackrish, 92 Misc 2d 431; see People v Bell, 95 Misc 2d 360). It follows that if a new information *172 may be laid after the dismissal, there is no bar to a felony prosecution based upon the same act as long as the original dismissal was not on constitutional grounds (People v Ackrish, supra). This result would follow the rule in this State that any restriction upon the power of the Grand Jury to indict must be clearly and expressly stated (People v Ryback, 3 NY2d 467; People v Stern, 3 NY2d 658)” (quoting from People v Morning, 102 Misc 2d 750, 752). In People v Chandler (111 Misc 2d 654), felony complaints were dismissed for failure to prosecute and the People were permitted to file a new misdemeanor complaint. In People v Ramkisson (114 Misc 2d 535), felony complaints were dismissed for failure to prosecute and the People were permitted to subsequently indict for felony charges. It has been repeatedly held that: “In the absence of any common-law, constitutional or statutory prohibition to the contrary, the District Attorney has the inherent power to reinstitute timely criminal proceedings so long as no prior judicial determination has been made on the merits that would serve to bar further prosecution (e.g., a dismissal due to immunity, double jeopardy, Statute of Limitations, or denial of a speedy trial).” (People v Chandler, supra, p 656.)
However, the case before this court is not so simple. Here, the local criminal charge was not dismissed, it was still pending in said court when, without a request for a CPL 170.20 adjournment, the matter was presented to the Grand Jury.
This court notes that pursuant to CPL 210.20 (subd 4), if this court was to dismiss the indictment upon the grounds that there exists a jurisdictional or legal impediment to conviction (CPL 210.20, subd 1, par [h]), this court could not authorize a resubmission of the charge. Such a step is obviously too drastic and inequitable a remedy. It has been held that the prosecution should not be foreclosed when a defect is not “ ‘of an inherently fatal nature’ ”. (People v Maldanado, 97 Misc 2d 653, 655.)
The intent of the Legislature in enacting CPL 210.20 (subd 4) was to permit “a resubmission of the charges under court order upon dismissal in those cases where the defect should not result in foreclosure of further prosecution, but prohibits resubmission where the impediment is *173 of an inherently fatal nature” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A [1971 ed], CPL 210.20, pp 339-340). The failure of the People, in this case, to request an adjournment pursuant to CPL 170.20, merits condemnation but does not afford a legal basis for dismissal of the indictment. The court may have reached a different conclusion had the court found that the People acted in an arbitrary and capricious or even malicious manner in reducing the charge to a misdemeanor for the sole purpose of avoiding the mandatory notice provisions of Grand Jury presentment (CPL 190.50, subd 5, par [a]) which provides that notice need only be given to a defendant who has been arraigned upon a currently undisposed of felony complaint. This is not the case before this court because an attempt was made to notify the defendant and his attorney of the intended Grand Jury presentment. This court believes that the intent of the Legislature in enacting CPL 170.20 is to place a defendant on notice that the People are of the intention of placing the matter before the Grand Jury and removing the action to a superior court. With such notice the defendant can act accordingly, that is, request to testify before the Grand Jury, if he so desires. In the instant matter, the defendant would be placed in the same position he would have been had the charges not been reduced, Le., an undisposed of felony complaint. In a case where the prosecution begins solely with a misdemeanor complaint, due to inadequate initial assessment of the extent of wrongdoing, the CPL 170.20 request would not only forestall a quick plea of guilty to a misdemeanor by the defendant, but it also places the defendant on notice as to the increased importance of the matter and he too can then act accordingly. (See People v Galak, 114 Misc 2d 719, a case with a similar fact pattern but where adjournments were requested.)
The fact that this court has concurrently determined that the defendant was impermissibly denied an opportunity to testify before the Grand Jury does not negate the attempt by the People to provide notice of Grand Jury presentment. This is not a case where no notice was provided for at all. Although no request was made for an adjournment pursuant to CPL 170.20, notice of Grand Jury *174 presentment was provided to the defendant. It is the opportunity to testify which was denied the defendant. Therefore this court finds no jurisdiction or legal impediment to the indictment but it is hereby ordered, that the motion to dismiss is granted upon the condition that within 10 days after service of this order upon defendant’s counsel, the defendant executes, in writing, the necessary waiver of immunity provided by law for an appearance before the Grand Jury and so appears and testifies. If said waiver is not executed within the prescribed period or the defendant refuses to appear and testify, then the application to dismiss herein is denied.