OPINION OF THE COURT
James F. O’Donoghue, J.
The defendant was arraigned upon a felony complaint on August 10, 1983 and charged with robbery, second degree, unlawful imprisonment, second degree, and assault, second degree. On the first adjourned date, August 16, 1983, the complaining witness, Lillian Gonzalez, informed the court that she did not wish to pursue the prosecution and concomitantly expressed an intent to withdraw the charges. The record is not clear, but a strong presumption arises that the parties hereto were previously acquainted and had some form of relationship. The court, upon motion of the District Attorney dismissed the felony complaint. At the request of defense counsel the court retained jurisdiction with relation to a motion to seal the case pursuant to CPL 160.50.
The defendant now moves to seal the case presenting the question to this court as to whether or not the dismissal is a termination of an action in favor of the defendant as contemplated by CPL 160.50 (subd 2).
The statute contains in subdivision 2 the instances upon which an action may be considered terminated in favor of the defendant. Once the Legislature has specifically and explicitly set forth the circumstances defining a proceeding *468 which is deemed to be terminated in favor of a defendant, there is no longer room for judicial interpretation of legislative intent (People v Blackman, 90 Misc 2d 977). The dismissal of a felony complaint without a hearing is not defined in subdivision 2 as having been terminated in favor of the defendant.
Since the enactment of CPL 160.50 in 1976, the purpose of the Legislature in excluding from its sealing coverage the dismissal of a felony complaint while sanctioning the dismissal of a misdemeanor complaint, appears elusive. Governor Carey’s memorandum of July 27,1976 approving the section indicated that the law was designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction. The law simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.
The exclusion of the felony complaint dismissal from the sealing mandate of the statute ofttimes results in incongruous situations where defendants who are patently guilty of the commission of a crime, but because of legal procedural infirmities are dismissed and sealed, but a patently innocent defendant who has a felony complaint dismissed at the initiation of the complainant, may not be sealed. Be that as it may, we now have a further ingredient in the matter before this court which may satisfy whatever rationale influenced the exclusion of a felony complaint dismissal.
This felony complaint was dismissed on August 16,1983 after having been filed on August 10, 1983. In excess of seven months has elapsed since the commencement of this action. If the purpose of the nonsealing of a felony complaint dismissal is to facilitate the use of the court record in the event an indictment is obtained, that eventuality is proscribed by the invocation of CPL 30.30. The case is now beyond redemption, it cannot be restored to the calendar, nor presented to a Grand Jury, it is barred as effectively as if double jeopardy were invoked, by the six-month ready rule for felony cases contained in CPL 30.30 (People v Osgood, 52 NY2d 37). This is not to say that a Grand Jury *469 may not indict, but the resulting indictment will not withstand a motion to dismiss based on the time assessments recited in said statute, i.e., six months of the commencement of a criminal action wherein a defendant is accused of a felony. Therefore, regardless of the reason for the primary dismissal, the case may now be barred by the invocation of CPL 30.30 which instance initiates the sealing prerogatives of CPL 160.50 (cf. People v Bell, 95 Misc 2d 360).
The argument that this case having been dismissed on motion of the District Attorney is no longer available for dismissal pursuant to CPL 30.30 is not persuasive.
Since the District Attorney had the option and the power to present the subject matter to a Grand Jury for an indictment, if not a motion to restore the felony complaint to the Criminal Court Calendar, then the potential of the action was not terminated until barred by a statute, in this case CPL 30.30.
The District Attorney has not replied to the motion to seal this action therefore no opposition was considered.
For all the reasons set forth in this opinion, the court grants the defendant’s motion to seal.